MOSES v. OAKLAND CIRCUIT JUDGE

1. TRIAL—INHERENT JUDICIAL POWERS—PREVENTION OF DISRUPTION.
   It is mandatory for a trial judge faced with an emergency situation to use inherent judicial powers to prevent chaos in his courtroom, especially when he is operating with vague statutory vehicles.

2. DIVORCE—CHILDREN—WAIVER OF JURISDICTION TO JUVENILE COURT.
   Trial judge in a divorce action must make a finding that a minor child of the parties is dependent and neglected before he can effectively waive jurisdiction over the child to the juvenile branch of a probate court, and the probate court can only accept jurisdiction after such findings have been made (CL 1948, § 552.15; § 712A.2, as amended by PA 1965, No 182).

Original action in the Court of Appeals for superintending control. Submitted Division 2 November 4, 1968, at Lansing. (Docket No. 4,836.) Decided November 26, 1968.

Complaint by Diane Moses against Arthur E. Moore, Judge of Oakland County Circuit Court, and Donald Edward Moses for superintending control to vacate an order of the judge relating to custody of the minor child of Diane and Donald Moses. Order of circuit judge vacated.

*Louis Rosenzweig,* for plaintiff.

*Garry Borin,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 34 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 772 *et seq.*

Per Curiam. This is a complaint for superintending control to vacate an order of Oakland county circuit court judge Arthur E. Moore ordering that jurisdiction over the minor child of the above parties to a divorce action be transferred to the Oakland county juvenile court.

Plaintiff filed suit for divorce against defendant Donald Edward Moses in Oakland county circuit court and an *ex parte* order for custody of the minor child and a preliminary injunctive order were issued. Defendant Moses appearing *in propria persona* filed a counter-claim for divorce and a motion to vacate the orders. Upon hearing, the orders were modified; defendant objected and the matter was brought on for settlement on December 18, 1967.

On December 19, 1967, Judge Moore on his own motion transferred "jurisdiction over the minor child" to the Oakland county juvenile court.

A review of the order and the record reveals an apparent emergency situation confronting an experienced and compassionate trial judge. It is mandatory for the trial judge to use inherent judicial powers in order to prevent total chaos in the courtroom. Particularly is this true where we have vague statutory vehicles with which to operate. (See *Sovereign* v. *Sovereign* [1958], 354 Mich 65.)

We are not primarily concerned with the issue of custody, although it is inconceivable that it is not encompassed herein. We are primarily concerned with the issue of waiver of jurisdiction to a probate court.

The citation by plaintiff and defendants of the case of *Riemersma* v. *Riemersma* (1945), 311 Mich 452, is not applicable except on the issue of custody. No challenge was made by either party on the question of proper waiver of jurisdiction over the child.

CL 1948, § 712A.2, as amended by PA 1965, No 182 (MCLA § 712A.2; Stat Ann 1968 Cum Supp § 27.3178[598.2]) which controls probate court procedure must be construed in its relation to CL 1948, § 552.15 (Stat Ann 1957 Rev § 25.95). We believe the latter controls on the facts before us.

We are convinced that a trial judge must make a preliminary finding that a child is "dependent and neglected" in order to effectively waive jurisdiction to a probate court. Further, that a probate court can only accept jurisdiction after such findings of fact have been made or concluded. Judge Moore's order does not meet the requirements. *Jernigan* v. *Jernigan* (1955), 344 Mich 511.

It is ordered that the order of Judge Moore be vacated.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.