FOY *v.* FOY

1. DIVORCE—INFANT CHILDREN—JURISDICTION—WAIVER—CUSTODY—STATUTES.

   A circuit court, during pendency of a divorce action, is authorized by statute to waive jurisdiction over the parties' children under 17 years of age to the probate court and such jurisdictional waiver is governed by the statutes relating to dependent and neglected children under 17 (MCLA §§ 552.15, 712A.2).

2. INFANTS—PROBATE COURT—JURISDICTION—STATUTES.

   A probate court may take jurisdiction over any child under age 17 whose home or environment is unfit due to neglect, cruelty, drunkenness, criminality or depravity of that child's custodian (MCLA § 712A.2).

3. INFANTS—JURISDICTION—WAIVER.

   A circuit court, during a divorce action, may not waive jurisdiction over the parties' children under 17 years to a probate court unless evidence is presented showing that such children are "dependent and neglected" within the meaning of the probate court statute and a jurisdictional waiver without such a showing constitutes reversible error (MCLA §§ 552.15, 712A.2).

4. INFANTS—DIVORCE—JURISDICTION—WAIVER—EVIDENCE.

   Recommendation from the friend of the court and the report of a court-appointed psychiatrist, as written, were insufficient to serve as a basis for a circuit court waiver of jurisdiction over defendant father's minor children to probate court where neither the recommendation nor the report indicated the underlying considerations involved in the conclusion that defendant

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 24 Am Jur 2d, Divorce and Separation § 776.
[2] 42 Am Jur 2d, Infants §§ 16, 29.
[5] 24 Am Jur 2d, Divorce and Separation § 812.

was unfit to have custody, thus making rebuttal by defendant's retained psychiatrist impossible as there were no factual material observations to rebut and forcing the court to reject or accept this conclusion without any data available to substantiate it.

5. DIVORCE—INFANTS—CUSTODY—PARENTAL FITNESS.

Re-evaluation of defendant father's fitness for custody of his minor children is required where the circuit court waived jurisdiction over those children to the probate court on the basis of a psychiatric report which is no longer current, since the circumstances, upon which the court-appointed psychiatrist recommended the jurisdictional waiver, may well have changed.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 February 5, 1970, at Lansing. (Docket No. 6,518.)    Decided March 24, 1970.

Complaint by Janet M. Foy against Michael John Foy for divorce. Decree granted with custody of minor children awarded to plaintiff. Decree modified to grant temporary custody to paternal grandparents. Circuit court waives jurisdiction of minor children to probate court. Defendant appeals. Reversed and remanded.

*Ivan E. Barris,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant Michael John Foy appeals from an order of the Macomb county circuit court waiving jurisdiction of his children to the probate court.

In July, 1964, the defendant married the plaintiff, Janet M. Foy. Two children were born to them during their marriage, one in December, 1964, the other in December, 1965. In 1967, the plaintiff filed

a complaint for divorce in the Macomb County circuit court. The court initially granted temporary custody of the children to the plaintiff, subject to the defendant's visitation rights, but when she later denied the defendant these rights, the court modified its order and granted temporary custody to the paternal grandparents, with whom the defendant was then and is now living. Despite her earlier refusals to allow the defendant to visit the children, the plaintiff expressed a willingness to relinquish custody to either the defendant or his parents and approved the change in custody. In addition to changing the custody of the children, the court requested on its own motion both a psychiatric examination of the parties and a recommendation by the friend of the court to determine the fitness of each party for future and permanent custody. The plaintiff and defendant stipulated that the report of the court-appointed psychiatrist and the recommendation by the friend of the court could be considered as evidence. Also to be considered as evidence was a report of a psychiatrist retained by the defendant.

The reports and recommendation were subsequently made and submitted to the court. The court-appointed psychiatrist and the friend of the court strongly urged that jurisdiction be waived while the retained psychiatrist strongly urged that the children be placed in the custody of the defendant. On October 14, 1968, after considering the reports and recommendation, the court entered an order of waiver. The order of waiver was later stayed by the court pending this appeal. The defendant contends that the evidence of his unfitness is insufficient to sustain a waiver, and we agree.

MCLA § 552.15 (Stat Ann 1957 Rev, § 25.95) provides:

"The court may, in like manner, on the application of either party, make such order concerning the care and custody of the minor children of the parties, and their suitable maintenance, during the pendency of such suit, as shall be deemed proper and necessary, and for the benefit of the children: Provided, That the court is hereby authorized to waive jurisdiction of any minor children under the age of 17 during the pendency of such suit to the probate court of the county to be governed by the laws of this state with respect to dependent and neglected children under the age of 17 years."

Under MCLA § 712A.2 (Stat Ann 1969 Cum Supp § 27.3178 [598.2]), the probate court may take jurisdiction over any child under 17 years of age:

"Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality or depravity on the part of a parent, guardian or other custodian, is an unfit place for such child to live in, or whose mother is unmarried and without adequate provision for care and support."

Before a circuit court may waive jurisdiction over a child to the probate court, there must be presented evidence showing that the child is "dependent and neglected." In the absence of such evidence, it is reversible error to waive jurisdiction. *Moses* v. *Oakland Circuit Judge* (1968), 14 Mich App 265. The parties stipulated that the report of the court-appointed psychiatrist and the friend of the court recommendation could be considered as evidence, and therefore they were admissible into evidence. See *Damaschke* v. *Damaschke* (1967), 7 Mich App 478. However, the report and recommendation, and especially the report,* are insufficient as presently

---

* The friend of the court was apparently influenced by the report of the court-appointed psychiatrist. In a preliminary report, a friend of the court investigator had said that he could see no reason why the defendant should not have custody.

written to sustain a waiver, since, as we shall see, neither specifies the considerations underlying the conclusion that the defendant is unfit to have custody of the children.

The friend of the court merely recommended that jurisdiction be waived, without saying more. The court-appointed psychiatrist described in the body of his report the defendant's background and certain events in the defendant's life as the defendant had related them to him, and then concluded the report by saying:

"It is my opinion that there are certain character and personality deficits here which could well militate against his being an adequate parent under the present circumstances. There are also indications that the parents allowed the development of a considerable degree of emotional instability in him during his growing and developmental years, and one would wonder whether or not his parents are suitable custody figures at this time, considering what they have allowed to happen and come about with him.

\* \* \*

"I would strongly urge to the court that the court consider the possibility of removing custody from both of these parents, and also remove any custody from the in-laws, and place both of these children in an independent [sic] type of home setting as wards of the court. It is my opinion that this should be done and tried for a period of at least one year. In conjunction with this, I believe the father of these children should be required to pay for their support in the foster home. I believe it might be possible then to effect more adequate visitation rights for both parents in a more objective fashion and the situation could then be re-evaluated after a trial period of perhaps 12 months. At any cost, I believe these children should be removed from the setting

where they can be used as a vehicle for the hostility of either parent, and that the father should be required to provide support and that each parent should have an opportunity for visitation, separate and apart from each other."

Acknowledging that we are inexpert in psychiatry, we are nevertheless constrained to say that we find nothing in the body of the report that might be said to be a consideration underlying the conclusion that the defendant is unfit to have custody. The references in the conclusion of the report to "personality deficits" and use of the children as a "vehicle for the hostility of either parent" constitute the only indication of the considerations entertained by the court-appointed psychiatrist. In reviewing the report, the defendant's psychiatrist said:

"* * * I find no mention of any factors or observations which would, in my opinion, speak against Mr. Foy's ability to function as an adequate parent to his children. On page 9 of his report, [the court-appointed psychiatrist] does make the statement 'It is my opinion that there are certain character and personality deficits here which could well militate against his being an adequate parent under the present circumstances.' [He] does not enumerate these deficits, and I do not find them in his report. Further, [he] recommends that the custody of these children be given to foster parents to avoid their being 'used as a vehicle for the hostility of both parents at this time.' Once again, neither in [his] report nor in my evaluation have I found evidence that this, in fact, is the case to some undue extent."

Thus, the court was presented with a report that recommended that jurisdiction of the children be waived, but did not say why.

Failing to specify the considerations underlying the conclusion that the defendant is unfit, the report

cannot serve as a basis for waiver. The defendant's psychiatrist concluded from his own examination that the defendant should have custody of the children, and thus had the task of rebutting the conclusion of the court-appointed psychiatrist. Rebuttal was made impossible, however, without a statement, no matter how brief, of the considerations underlying the conclusion, and he could do no more than make his own recommendation. At the same time, without a statement of the underlying considerations, the court could not weigh the credibility of the two conflicting reports, and faced the dilemma of accepting or rejecting the conclusion without knowing in either case whether it was correct. The defendant was entitled to have his fitness judged on its merit, not on the unsubstantiated word of the court-appointed psychiatrist.

Even if there had been sufficient evidence of the defendant's unfitness before the court, it would be necessary to remand this case to the circuit court for re-evaluation of the defendant's fitness for custody, including in the re-evaluation another psychiatric examination and a new recommendation by the friend of the court. By staying the order of waiver, the court allowed the grandparents and, in effect, the defendant, since he is living with them, to retain custody of the children up to the present, even though the court-appointed psychiatrist recommended in April, 1968, that the children be immediately removed from their custody. Since April, 1968, and during the time of the grandparents' continued custody, the circumstances upon which the recommendation was based may well have changed and waiver to the probate court may now be ill-advised. For all we know, the interests of the children might be best served today by continuing the custody of the grandparents or even by allowing

the children to live with the defendant alone. In any event, the psychiatric report of April, 1968, is no longer current. See *Williams* v. *Williams* (1969), 18 Mich App 305.

Reversed and remanded to the circuit court for a re-evaluation of defendant's fitness for custody and, in turn, a redetermination of custody and the propriety of waiver to the probate court.

All concurred.