KRAJEWSKI v KRAJEWSKI

Docket No. 63848. Submitted November 5, 1982, at Grand Rapids.—
Decided May 3, 1983. Leave to appeal granted, 418 Mich ___.

Edna and Gerhard Krajewski were divorced in 1974 and Edna
was granted custody of their two children. The children subse-
quently became temporary wards of the Berrien Probate Court
under neglect proceedings. Probate jurisdiction over Theresa
was terminated in 1978. The Berrien Circuit Court custody
order was thereafter modified to place custody of Theresa in
Gerhard Krajewski. In 1979, a neglect petition based on the
father's failure to deal with Theresa's school problems was filed
by the Berrien County Department of Social Services in pro-
bate court. The Department of Social Services sought termina-
tion of parental rights of both Edna and Gerhard Krajewski.
Theresa was made a temporary ward of the probate court again
and placed in a foster home. Edna Krajewski appeared at the
neglect hearing and requested an opportunity to prove that she
was a suitable person to take custody of her daughter because
the pending petition contained no allegations of neglect on her
part. While the action was pending in probate court, the
question arose as to whether a waiver of jurisdiction was
necessary from the circuit court since that court had continu-
ing jurisdiction under the custody order. The Berrien County
prosecuting attorney brought this action in Berrien Circuit
Court to waive the circuit court's jurisdiction over Theresa to
the Berrien Probate Court. Theresa's guardian ad litem then
brought a motion for a declaratory judgment that a waiver of
circuit court jurisdiction was not a prerequisite to probate court
jurisdiction. The circuit court, Julian E. Hughes, J., determined
that no waiver of circuit court jurisdiction was necessary.
Plaintiff, Edna Krajewski, appeals. *Held:*

There is a conflict between a statute, which would leave
jurisdiction over this matter to the circuit court unless the

REFERENCES FOR POINTS IN HEADNOTES
[1-3, 6] 20 Am Jur 2d, Courts §§ 32, 104.
[3] 20 Am Jur 2d, Courts § 106.
[4, 5] 20 Am Jur 2d, Courts § 84.
[6] 20 Am Jur 2d, Courts §§ 147, 148.

circuit court waived jurisdiction to the probate court, and a court rule, which would allow the probate court to take jurisdiction over the matter without a waiver of jurisdiction by the circuit court. The statute involved is a jurisdictional statute which cannot be altered by court rule. Thus, the court rule is inapplicable to neglect proceedings initiated in probate court where there is a circuit court with continuing jurisdiction over the child. The decision of the circuit court is reversed and the cause is remanded. The circuit court shall hold a hearing to determine whether jurisdiction should be waived. Upon a prima facie showing of neglect by the prosecutor, the trial court, with due consideration for the relative expertise of the two forums, shall determine if jurisdiction shall be waived.

Reversed and remanded.

1. COURTS — PROBATE COURT — JURISDICTION.

The probate court has no inherent powers; its jurisdiction over children is derived solely from the Michigan Constitution and statutes (Const 1963, art 6, § 15; MCL 600.841; MSA 27A.841).

2. COURTS — PROBATE COURT — JURISDICTION.

The probate court has original jurisdiction in all cases involving dependents, except as otherwise provided by law.

3. COURTS — JURISDICTION — MINORS — CHILD NEGLECT — CHILD ABUSE.

Circuit court and probate court have concurrent jurisdiction over neglected and abused minor children (Const 1963, art 6, §§ 13, 15).

4. STATUTES — COURT RULES — CONFLICT.

A court rule prevails over a conflicting statute if the rule governs practice or procedure before the courts (Const 1963, art 6, § 5; MCL 600.223; MSA 27A.223; GCR 1963, 16).

5. COURTS — JURISDICTION — COURT RULES.

A court rule cannot enlarge or restrict the constitutionally and legislatively defined jurisdiction of a court (GCR 1963, 11.3).

6. COURTS — MINORS — CHILD NEGLECT — CHILD ABUSE — JURISDICTION.

A probate court has no jurisdiction to conduct child neglect or abuse proceedings where there is a circuit court with continuing jurisdiction over the child involved unless the circuit court waives jurisdiction to the probate court; GCR 1963, 724.1(5), as incorporated by PCR 111.2, is inapplicable in such proceedings (MCL 712A.2[b][2]; MSA 27.3178[598.2][b][2]).

*Berrien County Legal Services Bureau, Inc.* (by *Mary Ellen Drolet),* for plaintiff.

*Seymour, Conybeare, Straub, Seaman & Allen* (by *James M. Straub),* guardian ad litem, for third-party appellee Theresa Krajewski.

*Paul L. Maloney,* Prosecuting Attorney, and *Robert S. Yampolsky,* Assistant Prosecuting Attorney, for third-party appellees.

Before: MacKENZIE, P.J., and R. M. MAHER and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. This action originally came before the Berrien County Circuit Court on motion of the prosecutor to waive jurisdiction over a child, Theresa Krajewski, to probate court where proceedings based on neglect were pending. The child, through her guardian ad litem, then brought a motion in circuit court for a declaratory judgment that a waiver of circuit court jurisdiction was not a prerequisite to probate court jurisdiction. Plaintiff appeals from the circuit court's determination that no waiver of circuit court jurisdiction was necessary.[1]

The custody of Theresa and her brother Edward was originally placed in plaintiff mother, Edna Krajewski, by a judgment of divorce granted in 1974. Subsequently, Theresa and Edward became temporary wards of the probate court under neglect proceedings. Probate jurisdiction over

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The circuit court correctly determined that the action was improperly styled as one for declaratory judgment. The court, in effect, treated the matter as a motion for a waiver of jurisdiction. We express no opinion as to whether the circuit court's ruling constituted a final order within the meaning of GCR 1963, 806. Assuming that the ruling was not a final order, we treat plaintiff's claim of appeal as an application for leave to appeal, and grant leave. GCR 1963, 820.

Theresa was terminated in 1978. Shortly thereafter the circuit court order was modified to place custody of Theresa in defendant father, Gerhard Krajewski.

In 1979, a neglect petition based on the father's failure to deal with Theresa's school problems was filed in probate court. The child was, after due hearing, made a temporary ward of the probate court and placed in a foster home under the supervision of the department of social services. The mother appeared at this hearing and requested an opportunity to prove that she was a suitable person to take custody of her daughter because the pending petition contained no allegations of neglect on her part. While the action was pending, the question arose as to whether a waiver was necessary from circuit court because of this Court's decision in *Rozelle v Dora,* 103 Mich App 607; 303 NW2d 43 (1981). The present action was then initiated in circuit court. The circuit judge ruled that *Rozelle* was factually distinguishable and that GCR 1963, 724.1(5) was intended to override any limiting effect MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2) might have on a probate court's exercise of jurisdiction. The effect of the ruling was that proceedings could continue in the probate court.

The probate court has no inherent powers. Its jurisdiction over children is derived solely from the Michigan Constitution and statutes. *Fritts v Krugh,* 354 Mich 97, 112; 92 NW2d 604 (1958). The probate court has original jurisdiction in all cases involving dependents, except as otherwise provided by law. Const 1963, art 6, § 15. Since the circuit courts have original jurisdiction in all matters not prohibited by law, Const 1963, art 6, § 13, circuit and probate courts have concurrent jurisdiction

over neglected and abused minor children. *Sovereign v Sovereign,* 354 Mich 65, 86-87; 92 NW2d 585 (1958).

MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2) grants the probate court jurisdiction over neglect proceedings and further provides:

"If a petition is filed in any probate court alleging that a child is within the provisions of paragraphs (1) or (2) of subdivision (b), and the custody of such child shall be subject to the prior or continuing order of another court of record of this state, the court in which such petition is filed shall forthwith cause notice of the filing of such petition to be served upon the prosecuting attorney for the county in which such other court is situated, personally or by registered mail. Immediately upon receiving such notice, the prosecuting attorney shall prepare and file such pleadings, petitions, notices or orders as may be necessary to bring the matter before such other court for hearing and such disposition, consistent with the powers of such court, as may be for the best interests of such child. *Pending action by such other court in regard to the matter, the probate court with which such petition has been filed shall have jurisdiction to make any temporary orders pertaining to care of custody which may be deemed advisable or necessary for the protection of such child."* (Emphasis added.)

PCR 111.2 incorporates by reference GCR 1963, 724.1(5), which provides:

"(5) Proceedings Affecting the Person of a Minor; Orders of Prior and Subsequent Courts of Record. Whenever any order, judgment, or amended order or judgment of any court of record of this state has provided or should have provided for continuing jurisdiction over the person of any minor; and during such continuing jurisdiction, proceedings are commenced in another court of record of this state having separate jurisdictional grounds provided by law affecting the

person of the same minor, *no waiver or transfer of jurisdiction is required for the full and valid exercise of jurisdiction of the subsequent court.*

"All original pleadings shall indicate prior continuing jurisdiction of another court of record, if such fact is known to the petitioner.

"When a minor is known to be subject to the continuing jurisdiction of a prior court, written notice of the proceedings in the subsequent court shall be mailed to the clerk or register, the friend of the court or juvenile officer, and the prosecuting attorney of the county wherein such prior court is located. Such notice shall be mailed at least 20 days prior to the date set for hearing unless the minor is not then known to be subject to such continuing jurisdiciton in which case such notice shall be given immediately upon such fact becoming known. *Notice is not jurisdictional, and shall not preclude the subsequent court from entering interim orders prior to the expiration of said 20-day period if best interests of the child so require.*" (Emphasis added.)

*Rozelle v Dora, supra,* presented this Court with the procedural converse of the present case. In *Rozelle,* the issue was whether the circuit court, having continuing jurisdiction over the child pursuant to a divorce decree, could entertain a motion for visitation rights after the probate court had permanently terminated the rights. The Court concluded that the circuit court could exercise jurisdiction under MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2), reasoning:

"The critical language is that contained in the second paragraph of subsection 2 above. This section provides that where the custody of a child is within the continuing jurisdiction of one court, a probate court later presented with a petition regarding custody is required to provide notice of the petition to the prosecutor in the county of the first court. That prosecuting attorney is then required to prepare pertinent pleadings or other documents so as to bring the custody-related matter

before the court with continuing jurisdiction. The only authority of the probate court to act in regards to a person over whom the prior court has continuing jurisdiction is that 'temporary orders' may be issued which are 'deemed advisable or necessary for the protection of such child'.

\* \* \*

"In this case, the child was subject to the continuing jurisdiction of the Ingham County Circuit Court, based upon a prior paternity action brought therein against the defendant. Further, at no time did the Ingham Circuit Court fully waive its jurisdiction. Where the child was under the continuing jurisdiction of the Ingham Circuit Court, the jurisdiction of the Ionia Probate Court was statutorily limited to the issuance of temporary orders pending further circuit court action. Therefore, the Ingham Circuit Court correctly found itself with jurisdiction to hear the plaintiff's petition." 103 Mich App 610-612.

The Court also noted that under the procedural posture of the case GCR 1963, 724.1(5) did not conflict with MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2). While we agree with that conclusion, in the procedural setting of the present case, a clear conflict between the statute and rule arises.

When addressing a question of statutory meaning, this Court must first review the specific language of the disputed provision. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977), citing *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971). Further, it is a court's duty to determine and declare the legislative intent behind a particular provision. *Aikens v Dep't of Conservation,* 387 Mich 495; 198 NW2d 304 (1972).

As noted in *Rozelle,* the terms of MCL

712A.2(b)(2); MSA 27.3178(598.2)(b)(2) are clear and unambiguous. The statute provides that where an allegedly neglected child is subject to the continuing jurisdiction of a circuit court, the probate court shall notify the prosecuting attorney that neglect proceedings have been initiated. The prosecuting attorney is then required to file such pleadings as may be necessary to bring the matter before the circuit court for hearing and disposition. In the meantime, the probate court has jurisdiction to make temporary orders only. Full jurisdiction cannot be exercised in probate court until the circuit court has waived its jurisdiction. GCR 1963, 724.1(5), however, provides that the subsequent court (here, the probate court), when it has a separate ground for jurisdiction (here, neglect proceedings) may, after 20 days, exercise jurisdiction regardless of the existence of a waiver from the prior court.

Where there is a conflict between a statute and court rule, the rule prevails if it governs practice or procedure. Const 1963, art 6, § 5; MCL 600.223; MSA 27A.223; GCR 1963, 16. However, a rule cannot enlarge or restrict the constitutionally and legislatively defined jurisdiction of a court. *In re Kasuba Estate,* 401 Mich 560, 566; 258 NW2d 731 (1977); *Shannon v Ottawa Circuit Judge,* 245 Mich 220, 223; 222 NW 168 (1928); GCR 1963, 11.3. Thus, the crucial issue in this case is whether the conflicting provisions relate to jurisdiction or procedure.

Though the distinction between procedure and substantive law is not always clear, the Supreme Court may indicate "how" an action is to be brought, whereas the Legislature must specify "what" action may be brought. *Clemons v Detroit Dep't of Transportation,* 120 Mich App 363, 372;

327 NW2d 480 (1982). Subject-matter jurisdiction has been defined as:

"* * * the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial. *Richardson v Ruddy,* 15 Idaho 488, 494, 495; 98 P 842 (1908)." *Joy v Two-Bit Corp,* 287 Mich 244, 253-254; 283 NW 45 (1938).

The present case involves a prerequisite to the probate court's abstract authority to hear a case. We conclude that MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2) is a jurisdictional statute that cannot be altered by court rule. Notwithstanding this conclusion, we must also decide whether it is within this Court's power to grant the relief sought by plaintiff.

Const 1963, art 6, § 5 grants the Supreme Court the sole authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state". Clearly, this Court cannot refuse to give force to a court rule because of a dispute over the wisdom of the rule. However, this Court is bound by the same constitutional principles that bind the Supreme Court. See *People v Redmon,* 112 Mich App 246; 315 NW2d 909 (1982). The Supreme Court recognized that court rules may be limited by constitutional considerations and provided for that possibility in GCR 1963, 11.3. Pursuant to our authority under that rule, we hold that GCR 1963, 724.1(5), as incorporated by PCR 111.2, is inapplicable to neglect proceedings initiated in probate court where there is a

circuit court with continuing jurisdiction over the child.

The decision of the circuit court is reversed and the cause remanded. The circuit court shall, forthwith, hold a hearing to determine if jurisdiction should be waived. Upon a prima facie showing of neglect by the prosecutor, the trial judge, with due consideration for the relative expertise of the two forums, shall determine if jurisdiction shall be waived. See *Fritts v Krugh, supra,* p 113; *Foy v Foy,* 22 Mich App 514; 177 NW2d 681 (1970); *Moses v Oakland Circuit Judge,* 14 Mich App 265; 165 NW2d 497 (1968).

Reversed and remanded.