IN THE MATTER OF KALVAN SMITH

DEPARTMENT OF SOCIAL SERVICES v SMITH

SMITH v SMITH

Docket Nos. 66483, 68860. Submitted August 16, 1983, at Grand Rapids.—Decided January 17, 1984.

> Paul R. Smith and Theresa E. Smith were granted a divorce in the Mecosta Circuit Court on March 13, 1979. Custody of their son, Kalvan J. R. Smith, was awarded to Paul Smith. In January, 1980, Bridgette Smith began living with Paul and Kalvan Smith and she and Paul were married on February 14, 1982. On approximately February 24, 1982, Paul Smith was arrested and charged with criminal sexual conduct involving Bridgette Smith's natural daughter from a previous marriage. Paul Smith pled guilty to the charge on April 22, 1982, and was sentenced to from 3 to 15 years imprisonment. On April 2, 1982, Bridgette and Paul Smith petitioned the Mecosta Probate Court to adopt Kalvan Smith. The petition was thereafter rejected because of Paul Smith's conviction for criminal sexual conduct. On June 10, 1982, a petition was filed in the Mecosta Probate Court by the Department of Social Services seeking the termination of the parental rights of Paul and Theresa Smith. Bridgette Smith, having physical custody of Kalvan Smith, was ordered to appear and bring Kalvan to the adjudication hearing on the petition scheduled for August 19, 1982. Bridgette Smith's attorney filed an appearance on her behalf in the probate court and requested postponement of the hearing on the basis that the probate court only had jurisdiction to enter temporary orders regarding Kalvan Smith since the circuit court had continuing jurisdiction over the child due to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties § 171 *et seq.*

[2, 4, 5] 20 Am Jur 2d, Courts §§ 104, 138.

24 Am Jur 2d, Divorce and Separation §§ 963, 967.

42 Am Jur 2d, Infants §§ 29, 55.

47 Am Jur 2d, Juvenile Courts and Delinquent and Dependant Children § 29.

[3] 20 Am Jur 2d, Courts § 97.

divorce proceedings. On August 6, 1982, the Mecosta County prosecutor obtained an *ex parte* order from the circuit court waiving jurisdiction over Kalvan Smith. The order was filed with the probate court on August 10, 1982, and Bridgette Smith's attorney was informed of the order by mail. On August 16, 1982, Bridgette Smith filed two motions in the circuit court: a motion to intervene and amend the judgment of divorce and a motion to set aside the order waiving jurisdiction. The motions were heard on December 9, 1982, and the Mecosta Circuit Court, Lawrence C. Root, J., denied both motions. The parental rights termination hearing was held on August 19, 1982. Bridgette Smith's request for an adjournment, due to her attorney's inability to be present because of a trial in a previously scheduled matter, was denied by the Mecosta Probate Court, George Worchester, J., which found that Bridgette was not a party to the proceeding and had no standing to be heard. After the hearing, the probate judge ordered that the parental rights of Paul and Theresa Smith be terminated and that Kalvan Smith be made a permanent ward of the court. Bridgette Smith appeals from the probate court's order terminating the rights of Paul and Theresa Smith and from the circuit court's orders denying her motion to intervene and her motion to set aside the order waiving jurisdiction. The cases were consolidated on appeal. *Held:*

1. Bridgette Smith did show, in accordance with the court rule regarding intervention of right, that the representation of her interest by the existing parties may be inadequate and that she may be bound by a judgment. The circuit court erred by denying her motion to intervene.

2. The circuit court's order waiving jurisdiction to the probate court was void since the circuit court did not make a preliminary finding that Kalvan Smith was dependent or neglected.

3. The probate court's order permanently terminating the parental rights of Paul and Theresa Smith was invalid since a probate court has only the jurisdiction to issue temporary orders which are deemed advisable or necessary for the protection of the child when another court has continuing jurisdiction.

4. The order of the circuit court waiving jurisdiction is reversed and remanded to that court for a hearing to determine if jurisdiction should be waived to probate court. The probate court order terminating the parental rights of Paul and Theresa Smith is reversed for lack of jurisdiction.

5. If the circuit court determines, upon a prima facie showing

of neglect, that jurisdiction may properly be waived to the probate court, the probate court must assume jurisdiction under some portion of the statute regarding jurisdiction of the juvenile division of probate court and the transfer of jurisdiction, MCL 712A.2. If jurisdiction is waived by the circuit court, the probate court is to consider the application of the Court of Appeals decision in *In re Carlene Ward,* 104 Mich App 354 (1981), and the Supreme Court's decision in *In re Taurus F.,* 415 Mich 512 (1982).

Reversed and remanded for proceedings consistent with the opinion.

1. PARTIES — INTERVENTION OF RIGHT — INADEQUATE REPRESENTATION — WORDS AND PHRASES — COURT RULES.

An applicant for intervention satisfies a requirement of the court rule regarding intervention as of right in an action wherein timely application for such intervention is made by showing that the representation of his interest by the existing parties in the action is or may be inadequate and that he may be bound by a judgment in the action; the term "bound" in the court rule does not require that the applicant be bound in a res judicata sense (GCR 1963, 209.1[3]).

2. COURTS — JURISDICTION — WAIVER OF JURISDICTION — DEPENDENT CHILDREN — NEGLECTED CHILDREN — CIRCUIT COURTS — PROBATE COURTS.

A circuit court having jurisdiction over a minor pursuant to divorce proceedings may waive its jurisdiction over the minor to the probate court pursuant to the statute pertaining thereto; the circuit court must make a preliminary finding prior to such a waiver that the minor is dependent and neglected; jurisdiction over minor dependent and neglected children may also be waived by the circuit court during the pendency of divorce proceedings (MCL 552.15, 552.16; MSA 25.95, 25.96).

3. COURTS — JURISDICTION — WAIVER OF JURISDICTION — INVALID PROCEEDINGS — APPEAL.

An invalid proceeding in a circuit court regarding the waiver of jurisdiction to a probate court is a jurisdictional defect which renders the circuit court's order waiving jurisdiction void and open to attack at any time.

4. PROBATE COURTS — JUVENILE COURTS — JURISDICTION — TEMPORARY ORDERS.

A probate court has only the jurisdiction to issue temporary orders which are deemed advisable or necessary for the protec-

tion of a child who comes within the provisions of the statute regarding the jurisdiction of the juvenile division of probate court where another court has continuing jurisdiction over the child (MCL 712A.2[b]; MSA 27.3178[598.2][b]).

5. Probate Courts — Jurisdiction — Neglected Children.

A probate court must assume jurisdiction over a neglected child under the statute regarding the transfer of jurisdiction to a probate court where a circuit court having continuing jurisdiction over the child determines, upon a prima facie showing of neglect, that jurisdiction may properly be waived to the probate court and so orders (MCL 712A.2; MSA 27.3178[598.2]).

*Walz, Jordan & Stanton, P.C.* (by *John A. Braden*), for Kalvan Smith.

*David L. Porteous, P.C.* (by *James R. White*), for Paul Smith.

*Paul B. Newman,* for Bridgette Smith.

Before: Danhof, C.J., and MacKenzie and M. E. Dodge,* JJ.

Per Curiam. The present appeals arise from the attempt of appellant, Bridgette Smith, to acquire legal custody of her stepson, Kalvan J. R. Smith. On March 13, 1979, Kalvan's natural parents, Paul Robert Smith and Theresa Elaine Smith, were divorced in Mecosta County Circuit Court. Custody of Kalvan was awarded to Paul. Appellant began living with Paul and Kalvan in January, 1980, and appellant and Paul were married on February 14, 1982. On approximately February 24, 1982, Paul was arrested and charged with criminal sexual conduct involving appellant's natural daughter from a previous marriage. Paul pled guilty on April 22, 1982, and was sentenced to from 3 to 15 years imprisonment.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On April 2, 1982, appellant and Paul petitioned the Mecosta County Probate Court to adopt Kalvan. The petition was thereafter rejected because of Paul's conviction for criminal sexual conduct.

On June 10, 1982, a petition for termination of the parental rights of Paul and Theresa was filed pursuant to MCL 712A.2(b), subds (1), (2); MSA 27.3178(598.2)(b), subds (1), (2). Since appellant had physical custody of Kalvan after Paul's imprisonment, she was ordered to appear and bring Kalvan to the adjudication hearing on the petition scheduled for August 19, 1982. Appellant's attorney filed an appearance on her behalf in the probate proceedings and requested postponement of the adjudication hearing on the basis that the probate court only had jurisdiction to enter temporary orders regarding Kalvan since the circuit court had continuing jurisdiction over the child due to the divorce proceedings.

On August 6, 1982, the prosecutor obtained an *ex parte* order from the circuit court waiving jurisdiction over Kalvan. The order was filed with the probate court on August 10, 1982, and appellant's attorney was informed of the order by letter.

On August 16, 1982, appellant filed two motions in the circuit court: a motion to intervene and amend the judgment of divorce and a motion to set aside the order waiving jurisdiction. These motions were heard on December 9, 1982, and both were denied by the circuit judge.

The parental rights termination hearing was held on August 19, 1982. Appellant's request for an adjournment, due to her attorney's inability to be present because of a trial in a previously scheduled matter, was denied, the probate judge finding that appellant was not a party to the proceeding and had no standing to be heard. After a hearing,

the judge ordered that the parental rights of Paul and Theresa be terminated and that Kalvan be made a permanent ward of the court.

Appellant presently appeals from the probate court's order terminating the rights of Paul and Theresa and from the circuit court's orders denying her motion to intervene and her motion to set aside the order waiving jurisdiction. The matters were consolidated on appeal.

The first issue to be resolved is whether appellant has standing to appeal either the circuit court orders or the probate court order terminating the parental rights of Paul and Theresa Smith. GCR 1963, 209.1 provides for intervention of right:

"(1) when a statute of this state or a court rule confers an unconditional right to intervene; or

"(2) by stipulation of all the parties; or

"(3) upon timely application when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action; or

"(4) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or officer thereof."

We believe that subsection (3) applies to the present case. Appellant's motion to intervene was timely, as it was filed on August 16, 1982, prior to the August 19, 1982, date set for the hearing on the termination petition in probate court. Appellant was informed of the impending court proceeding on July 26, 1982, only three weeks before her motion to intervene in the prior circuit court proceeding was filed.

In order for subsection (3) to apply, appellant must also show that the representation of her

interest by existing parties is or may be inadequate, and that she may be bound by a judgment in the action. *D'Agostini v Roseville*, 396 Mich 185; 240 NW2d 252 (1976). Although the facts in this case are atypical and we have located no other cases discussing this issue under similar facts, we believe that appellant has shown that the representation of her interest by the existing parties may be inadequate and that she may be bound by a judgment. Although appellant's husband, the child's natural father, expressed a desire during a portion of the proceedings to have appellant continue physical custody of Kalvan, his representation of her position was minimal. Although appellant had no legally recognizable relationship to Kalvan, she did have an interest in the proceedings because she had physical custody of him. She was bound by the circuit court and probate court orders because her relationship with the child was terminated. The term "bound" in the court rule does not require that the appellant be bound in the res judicata sense. *D'Agostini, supra,* p 190. Although we find it to be a close question, we believe that the circuit court erred by denying appellant's motion to intervene.

The basis for the circuit court's order must be further examined, however. The motion to intervene was denied because the circuit court judge had already waived jurisdiction of the child to the probate court. In fact, the motion was not heard until after the probate court had terminated the parental rights of Paul and Theresa Smith.

A circuit court having jurisdiction pursuant to divorce proceedings may waive its jurisdiction over a minor child in accordance with MCL 552.16; MSA 25.96:

"Upon pronouncing a sentence or decree of nullity of

a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain: Provided, That the court is hereby authorized to waive jurisdiction of any minor children under the age of 17 in the decree of divorce, or after the decree of divorce, to the probate court of the county to be governed by the laws of this state with respect to dependent and neglected children under the age of 17 years".

Jurisdiction over minor "dependent and neglected children" may also be waived by the circuit court during the pendency of divorce proceedings. MCL 552.15; MSA 25.95. In order to effectively waive jurisdiction to a probate court, this Court has held that the circuit court must make a preliminary finding that the child is dependent and neglected. *Moses v Oakland Circuit Judge,* 14 Mich App 265; 165 NW2d 497 (1968); *Foy v Foy,* 22 Mich App 514; 177 NW2d 681 (1970); *Krajewski v Krajewski,* 125 Mich App 407; 335 NW2d 923 (1983). An invalid proceeding in a circuit court regarding waiver of jurisdiction to the probate court is a jurisdictional defect which renders the circuit court's order void and open to attack at any time. *Jernigan v Jernigan,* 344 Mich 511; 73 NW2d 910 (1955).

The circuit court judge here entered an *ex parte* order waiving jurisdiction to the probate court. Appellant received no notice of this order, even though her attorney had filed an appearance in the probate proceeding. No hearing was held to determine whether Kalvan was a "dependent and neglected child" under the statute and the court's order makes no finding in that regard. We there-

fore hold that the circuit court's order waiving jurisdiction to the probate court was void.

Since a probate court has only the jurisdiction to issue "temporary orders" which are "deemed advisable or necessary for the protection of such child" when another court has continuing jurisdiction, the probate court's order permanently terminating the parental rights of Paul and Theresa Smith was invalid. MCL 712A.2(b); MSA 27.3178(598.2)(b); *Rozelle v Dora,* 103 Mich App 607; 303 NW2d 43 (1981).

The order of the circuit court waiving jurisdiction is reversed and the case is remanded to that court. A hearing shall forthwith be held to determine if jurisdiction should be waived to the probate court. The probate court order terminating the parental rights of the child's natural parents is also reversed, that court being without jurisdiction to enter such order.

If the circuit court determines, upon a prima facie showing of neglect, that jurisdiction may properly be waived to the probate court, the probate court must assume jurisdiction under some portion of MCL 712A.2; MSA 27.3178(598.2). In the event that jurisdiction is waived by the circuit court, we direct the probate court to consider the application of our decision in *In re Carlene Ward,* 104 Mich App 354; 304 NW2d 844 (1981), and the Supreme Court's recent decision in *In re Taurus F.,* 415 Mich 512; 330 NW2d 33 (1982).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Costs to appellant.