IN THE MATTER OF ROBEY

Docket No. 70557. Submitted June 14, 1984, at Lansing.—Decided August 7, 1984.

Plaintiff, David D. Robey, Sr., and defendant, Joan Robey, were divorced pursuant to a judgment of divorce entered in the Hillsdale Circuit Court. Plaintiff was awarded custody of the parties' five children and the defendant was granted certain visitation rights. Defendant thereafter filed a complaint with the Hillsdale County Friend of the Court alleging that she had been denied visitation. The friend of the court then petitioned the circuit court for a show cause hearing regarding the denial of visitation. A hearing on the visitation dispute was conducted before Albert J. Neukom, J., a Hillsdale County Probate Court Judge sitting in the Hillsdale Circuit Court by assignment. Both parties were present, but neither was represented by counsel. A representative of the friend of the court was also in attendance. Following the hearing, the acting circuit judge, apparently on his own motion, found the children to be dependent and neglected children and entered an order transferring jurisdiction over the children to the probate court. The children were placed in foster care. Following several hearings in the probate court, the probate court, Albert J. Neukom, J., ordered that the children remain temporary wards of the probate court, but that they be removed from foster care and be placed in the home of their mother, Joan Robey. Plaintiff appeals alleging several errors. *Held:*

1. A hearing in circuit court must be held prior to the waiver of jurisdiction to the probate court pursuant to the divorce statute regarding such a waiver of jurisdiction. While a hearing was held in the circuit court in this case, it was not competent to support the waiver order. At no time during the circuit court proceedings, which focused on the visitation dispute, was there any intimation that the acting circuit judge might waive jurisdiction based upon a finding of neglect. There was no waiver

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 20 Am Jur 2d, Courts §§ 32, 104.

[1, 2, 4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 19, 20, 40.

hearing, either in name or effect. Therefore, the waiver order is void. There must be a valid circuit court waiver of jurisdiction pursuant to MCL 552.16; MSA 25.96 before the probate court obtains jurisdiction to conduct child neglect or abuse proceedings. Because the waiver of jurisdiction was defective, the probate court was without jurisdiction to conduct the proceedings subsequent to waiver.

2. To acquire jurisdiction, the probate court is required to comply with the petition requirements of the Probate Code when the circuit court having jurisdiction over a child by virtue of divorce proceedings between the parents has waived jurisdiction upon a finding of neglect. A circuit court waiver of jurisdiction does not automatically confer jurisdiction upon the probate court. Rather, the waiver is equated with the giving of information to the probate court that the child is within the provisions of the Probate Code, thus triggering the preliminary inquiry which may or may not lead to the authorization of a petition for jurisdiction.

The probate court's dispositional order is vacated. Reversed and remanded to the circuit court for proceedings not inconsistent with the opinion.

1. COURTS — JURISDICTION — WAIVER OF JURISDICTION — DEPENDENT CHILDREN — NEGLECTED CHILDREN — CIRCUIT COURTS — PROBATE COURTS.

A circuit court having jurisdiction over a minor pursuant to divorce proceedings may waive its jurisdiction over the minor to the probate court pursuant to the statute pertaining thereto; prior to such a waiver, the circuit court must hold a hearing and make a preliminary finding that the minor is dependent and neglected (MCL 552.16; MSA 25.96).

2. COURTS — JURISDICTION — WAIVER OF JURISDICTION — INVALID PROCEEDINGS — APPEAL — NEGLECTED CHILDREN — ABUSED CHILDREN — CIRCUIT COURTS — PROBATE COURTS.

An invalid proceeding in a circuit court regarding the waiver of jurisdiction to a probate court is a jurisdictional defect which renders the circuit court's order void and open to attack at any time; there must be a valid circuit court waiver of jurisdiction before the probate court obtains jurisdiction to conduct child neglect or abuse proceedings.

3. COURTS — PROBATE COURTS — JURISDICTION.

The probate court has no inherent powers; its jurisdiction over minors is derived solely from the Michigan Constitution and statutes.

4. COURTS — JURISDICTION — WAIVER OF JURISDICTION — CIRCUIT
   COURTS — PROBATE COURTS — DEPENDENT CHILDREN — NE-
   GLECTED CHILDREN.
   A circuit court's waiver of jurisdiction over a child pursuant to
   the divorce statute regarding the waiver of jurisdiction to the
   probate court does not automatically confer jurisdiction upon
   the probate court; rather, such waiver is to be treated by the
   probate court as the procedural equivalent of the receiving of
   information that the child is within the provisions of Chapter
   12A of the Probate Code, thus triggering the preliminary
   inquiry which may or may not lead to the authorization of a
   petition for jurisdiction (MCL 552.16, 712A.1 *et seq.;* MSA
   25.96, 27.3178[598.1] *et seq.).*

David D. Robey, Sr., *in propria persona,* for
plaintiff.

· *Michael R. Smith,* Prosecuting Attorney, for
defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and
E. F. OPPLIGER,* JJ.

PER CURIAM. David D. Robey, Sr., appeals as of
right from an order of the probate court, by which
his five minor children were removed from foster
care and placed in the home of Joan Robey, their
mother. Plaintiff contends that the probate court
lacked jurisdiction to enter the order appealed
from. We agree and reverse.

Plaintiff and defendant were divorced on August
5, 1981. With the consent of defendant, plaintiff
was awarded custody of the five children, then
ages two through nine. On or about June 5, 1982,
a dispute arose concerning defendant's visitation
rights. She thereupon filed a complaint with the
Hillsdale County Friend of the Court, stating that
she had been denied visitation. The friend of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court, in response, apparently petitioned the circuit court for a show cause hearing.

The hearing on the visitation dispute was held on June 13 and 14, 1982, before a probate judge sitting in circuit court by assignment. Both parties were present, but neither was represented by counsel. A representative of the friend of the court was also in attendance. Both parties testified, each rendering a distinctly different version of the aborted June 5 visitation session. According to defendant, plaintiff, for no apparent reason, ejected her bodily from his home shortly after her arrival and refused visitation on the next scheduled weekend. In plaintiff's version, defendant was abusive and angry and was denied visitation because she refused to provide a telephone number where she could be contacted in the event of an emergency. Allegations of past reprehensible conduct on the part of both parties was also explored, though plaintiff clearly emerged as the apparent villain.

At one point in the proceedings, plaintiff asked that one of the children be allowed to testify. A brief recess was taken, during which the court talked to one of the Robey children. The judge then adjourned the proceedings in order to converse with the remaining children.

On the following day, July 14, 1982, the court set forth its findings on the record. It found that plaintiff had in fact impeded visitation by defendant on several occasions. The court's attention then turned to the Robey children:

"The court summarizes that some of the statements made by the children—this court is quite impressed with their knowledge of certain things. Either that, or they've been cued in by someone else as to what to say. David, who's 11 years old, is most articulate in his

complaints and volunteered them without asking. The other children, likewise, volunteered their complaints when I asked general questions as to how are you today, what are we here to talk about, what are your feelings.

*   *   *

"It appears there's no question that Mrs.—the oldest ex-Mrs. Robey, Joan, is extremely suspicious of her husband.

"It appears that Mr. Robey is extremely suspicious of Joan. Those are strong human emotions that, even in the best of people, is [sic] difficult to subdue. Here they've not been subdued, but five children have been made pawns.

"The court has looked at those children and the court is most concerned about the affect [sic] this has on them. The court has seen numerous 7-year-olds who are giddy, full of it right up to their eyeballs, and that when left alone in a judge's chambers with handcuffs, swords, weird cartoons on the walls, brass objects, would be on them like a cheap suit. These children were not. These children did not even express an interest in that. That they answered questions that were never asked about some disparaging comments. It appears in this matter the most important thing that can be done is to salvage their foundation for them to live on."

The acting circuit judge then, apparently on his own motion, determined to transfer jurisdiction over the children to the probate court:

"The court finds that these children, though well fed, well clothed—I won't say well behaved, I'll say severely subdued, are, in fact, dependent and neglected children under the statute. And because of that, they will come within the jurisdiction of the Hillsdale County Juvenile Court. There have been repeated comments by Mr. Robey that these children should be placed or could have been placed or might be placed in foster care. This

court is going to do that until such time as the dust settles."

An order effecting transfer of jurisdiction was entered the same day, and the children were placed in foster care.

The probate court file in the present case is meager. The Robeys were summoned to a hearing of an unspecified nature set for September 8, 1982. A caseworker's investigation report and a certified social worker's report on the Robeys, both dated September 7, 1982, appear in the file. These were apparently prepared for the hearing. A hearing was held, but a transcript is not part of this record. As a result of the hearing, the probate court ordered the matter adjourned until September 23, 1982, and notice of the adjourned hearing was served upon the parties. A guardian ad litem was appointed for the children, defendant retained counsel, and plaintiff was provided with appointed counsel. On stipulation of counsel, the September hearing was again adjourned until December 10, 1982. The transcript of that hearing is not part of this record. Another caseworker investigation report was submitted. After the hearing, the probate court ordered that the children remain in foster care.

Another probate court hearing of an unspecified nature was scheduled for January 27, 1983. It was twice adjourned. In the interim, a report on all members of the Robey family was submitted by the Michigan State University Family Assessment Clinic, and a report on plaintiff's interaction with his children was submitted by a Lansing pediatrician. The hearing was finally held on March 21, 1983. On March 28, 1983, the probate judge ordered that the children remain temporary wards of the probate court, but that they "be removed

from foster care and be placed in the home of their mother, Joan Robey".

# I

*Did the circuit court abuse its discretion in waiving jurisdiction to the probate court without notifying the parties that the proceedings were in the nature of a waiver hearing?*

Jurisdiction over a case in circuit court can be waived to probate court under MCL 552.16; MSA 25.96, which provides:

"Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain: Provided, That the court is hereby authorized to waive jurisdiction of any minor children under the age of 17 in the decree of divorce, or after the decree of divorce, to the probate court of the county to be governed by the laws of this state with respect to dependent and neglected children under the age of 17 years. The court may, also, in granting a decree of divorce require the husband to file a bond with 1 or more sufficient sureties in a sum to be fixed by the court guaranteeing the payment of allowance ordered in the decree for the support of his minor child or children."

This provision, rather than the provisions of the Probate Code, controls the waiver. *Moses v Oakland Circuit Judge,* 14 Mich App 265; 165 NW2d 497 (1968). In order to effectively waive jurisdiction to a probate court, the circuit court must make a preliminary finding that the child is dependent and neglected. *Moses, supra; Foy v Foy,* 22 Mich

App 514; 177 NW2d 681 (1970); *Krajewski v Krajewski,* 125 Mich App 407; 335 NW2d 923 (1983), *lv gtd* 418 Mich 878 (1983); *In the Matter of Kalvan Smith,* 131 Mich App 524; 346 NW2d 588 (1984). An invalid proceeding in the circuit court regarding waiver of jurisdiction to the probate court is a jurisdictional defect which renders the circuit court's order void and open to attack at any time. *Jernigan v Jernigan,* 344 Mich 511; 73 NW2d 910 (1955); *In the Matter of Smith, supra,* p 531. There must be a valid circuit court waiver of jurisdiction before the probate court obtains jurisdiction to conduct child neglect or abuse proceedings. *Krajewski, supra.*

The requirement that a waiver hearing be held in circuit court is not spelled out in the statute, but is implied in the case law holding that the circuit court must make a preliminary finding of neglect. Although the issue is one of first impression, two other panels of this Court, upon reversing lower court dispositions due to defective waiver of jurisdiction, have required that a hearing be held on remand. In *Krajewski, supra,* p 416, the Court stated:

"The decision of the circuit court is reversed and the cause remanded. The circuit court shall, forthwith, hold a hearing to determine if jurisdiction should be waived. Upon a prima facie showing of neglect by the prosecutor, the trial judge, with due consideration for the relative expertise of the two forums, shall determine if jurisdiction shall be waived."

See also *In the Matter of Smith, supra.*

We rule that a hearing in circuit court must be held prior to waiver of jurisdiction to the probate court pursuant to MCL 552.16; MSA 25.96. While a hearing was held in circuit court in our case, it

was not competent to support the waiver order. Plaintiff, the custodial parent, was summoned to court to answer an order to show cause why he should not be held in contempt for failure to allow visitation. At no time during the proceedings, which focused on the visitation dispute, was there any intimation that the acting circuit judge might waive jurisdiction based upon a finding of neglect. We find that there was no waiver hearing, either in name or in effect. For this reason the waiver order of July 14, 1982, is void.

Our disposition of this issue renders unnecessary any consideration of plaintiff's second allegation, that insufficient evidence was presented at the show cause hearing to justify a finding that the minor children were neglected or abused. In the strictest sense, there is similarly no manifest necessity to review plaintiff's allegations of error concerning procedures in probate court; because the waiver of jurisdiction was defective, the probate court was without jurisdiction to conduct the proceedings subsequent to waiver. Because these matters may arise again, we take the more prudent course of addressing the following issue.

II

*To acquire jurisdiction, is the probate court required to comply with the petition requirements of the Probate Code when the circuit court has waived jurisdiction upon a finding of neglect?*

If the answer to this question is "no", then the circuit court waiver automatically confers jurisdiction upon the probate court. However, we believe the question must be answered in the affirmative.

The probate court has no inherent power; its jurisdiction over minors is derived solely from the

Michigan Constitution and statutes. *Fritts v Krugh,* 354 Mich 97, 112; 92 NW2d 604 (1958). MCL 712A.2; MSA 27.3178(598.2) sets forth several circumstances under which a minor may fall within the probate court's jurisdiction. Subsections (b) and (c) are relevant here and provide that the court shall have:

"(b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county

"(1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical or other care necessary for his health, morals, or who is deprived of emotional well-being, or who is abandoned by his parents, guardian or other custodian, or who is otherwise without proper custody or guardianship; or

"(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality or depravity on the part of a parent, guardian or other custodian, is an unfit place for such child to live in, or whose mother is unmarried and without adequate provision for care and support.

\* \* \*

"(c) Jurisdiction over children under 18 years of age, jurisdiction of whom shall have been waived to the juvenile division of the probate court by a court in chancery by provision to that effect in a temporary order for custody of children based upon a bill for divorce or upon a motion pursuant to such a bill for divorce by the prosecuting attorney, or in a decree of divorce dissolving a marriage between the parents of such minor children, or by an amended decree relative to the custody of such child in such a divorce."

In a footnote to *In the Matter of Taurus F,* 415 Mich 512; 330 NW2d 33 (1982), *reh den* 417 Mich 1104 (1983), Justice WILLIAMS explained the statu-

tory procedure by which the probate court obtains formal jurisdiction:

"When the juvenile division of the probate court receives information from any person alleging that a child falls within the statutory provisions of Chapter 12A of the Probate Code of 1939, MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.,* which are designed to handle juvenile problems, the court may conduct a preliminary inquiry 'to determine whether the interests of the public or of the child require that further action be taken'. MCL 712A.11; MSA 27.3178(598.11). If the court concludes that formal jurisdiction should be acquired, the court authorizes a petition to be filed. Following any further investigation that the probate court deems necessary, the court may dismiss the petition or issue a summons requiring the person or persons who have custody or control of the child to appear before the court. If such person is other than the parent or guardian of the child, then the parent or guardian shall also be notified of the petition and hearing. MCL 712A.12; MSA 27.3178(598.12). Hearings are then held to determine whether the probate court has jurisdiction under MCL 712A.2; MSA 27.3178(598.2). If the determination is affirmative, the probate court may proceed and order such disposition as seems appropriate under the factual situation presented. MCL 712A.18; MSA 27.3178(598.18); MCL 712A.19a; MSA 27.3178(598.19a)." *Taurus F, supra,* p 526, fn 8.

In a December 1, 1948, Attorney General opinion (published in OAG, 1949-1950, No 860, p 69), the Attorney General was asked whether, in cases involving children of divorced parents, the term "jurisdiction" in what is now MCL 712A.2(c); MSA 27.3178(598.2)(c) "means that the juvenile division of the probate court *may if it wishes* authorize the filing of a petition in behalf of the child for whom a waiver from the court in chancery has been received". (Emphasis in original.) It was further inquired whether, in the alternative, the use of the

word "jurisdiction" meant "that the child has in fact been found to be within the provisions of Chapter XII-A so that the court may (or must) on the basis of the waiver alone issue an order of disposition under Section 18 of the Chapter".

To answer the quesiton, the Attorney General looked to what is now MCL 712A.11; MSA 27.3178(598.11), which reads in part as follows:

"Whenever any person gives information to the juvenile division of the probate court that a child is within the provisions of this chapter, a preliminary inquiry may be made to determine whether the interests of the public or of the child require that further action be taken. If it appears that formal jurisdiction should be acquired, the court shall authorize a petition to be filed."

Based upon these provisions, the Attorney General determined that a circuit court waiver of jurisdiction does *not* automatically confer jurisdiction upon the probate court. Rather, the waiver was equated with the giving of information to the probate court that the child is within the provisions of the Probate Code, thus triggering the preliminary inquiry which may or may not lead to the authorization of a petition for jurisdiction. The Attorney General said:

"Section 2, paragraph (b) [now (c)] is construed to mean that the probate court shall have jurisdiction over children under nineteen [now eighteen] years of age where jurisdiction has been waived by a chancery court which first acquired jurisdiction over such children by virtue of divorce proceedings between the parents. This leaves the probate court free to entertain a petition filed on behalf of such a child. However, securing such a waiver of jurisdiction does not necessarily mean that the probate court may or must, on the basis of such

waiver alone, issue an order of disposition under Section 18 of this chapter.

"Once a waiver is secured the probate court should then proceed and be governed by the provisions of Section 11 of Chapter XIIA. Under Section 11, if it is determined from information submitted to the probate court that the interest of the public or the child require that action be taken then such court may assume formal jurisdiction and authorize a petition to be filed on behalf of the child concerned. In other words, on jurisdiction being waived by a chancery court over a child of divorced parents, the probate court may not issue its order of disposition on the basis of the waiver alone, but may assume formal jurisdiction and authorize a petition to be filed, disposition of which depends on the facts and circumstances involved in the child's case." OAG 1949-50, No 860, p 70.

We find this position persuasive, and adopt it as our own. There is no indication in the statutory scheme that a case brought to the probate court's attention by waiver from circuit court is on a materially different footing from any other abuse and neglect case as regards the necessity of a petition. Significantly, there is no express legislative exemption from such procedural requirements for waiver cases. We note that one panel of this Court, in *In the Matter of Smith, supra,* p 532, arrived independently, and without elaboration, at a consistent position. In remanding its cause to the circuit court for a waiver hearing, that Court issued the following order:

"If the circuit court determines, upon a prima facie showing of neglect, that jurisdiction may properly be waived to the probate court, the probate court must assume jurisdiction under some portion of MCL 712A.2; MSA 27.3178(598.2)."

We hold that a waiver of jurisdiction over a

child to probate court pursuant to MCL 552.16; MSA 25.96 is to be treated by the probate court as the procedural equivalent of the receiving of information that a child is within the provisions of Chapter 12A of the Probate Code, MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.* See MCL 712A.11; MSA 27.3178(598.11). The probate court is to proceed accordingly under the relevant Probate Code provisions; this includes the adjudicative phase therein provided. *In the Matter of Baby X,* 97 Mich App 111, 114; 293 NW2d 736 (1980).

The probate court never acquired jurisdiction to make its dispositional order, hence it is vacated. Reversed and remanded to the circuit court for proceedings not inconsistent with this opinion.[1]

[1] An April 30, 1984, order of the probate court recites that "this court will, upon proper order, relinquish jurisdiction of this matter * * *". This order does not render the instant appeal moot, as the probate court did not thereby relinquish its asserted jurisdiction.