UNION GUARDIAN TRUST CO. *v.* ZACK.

1. MORTGAGES — TRUST MORTGAGES — ASSIGNMENT OF RENTS AND PROFITS—STATUTES—RECEIVERS.

Renewal of obligation by trustee under trust mortgage after Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), became effective *held*, to render such act applicable where assignment of rents clause appears in renewal agreement either expressly or by incorporation by reference, not-

withstanding mortgage itself was executed prior to the effective date of that act, and therefore, on default, trustee is entitled to have receiver appointed to collect rents and profits.

2. Same—Intent—Evidence—Use or Omission of Word "Trustee" Not Decisive.

Whether or not mortgage, providing that bonds secured thereby were payable to, should be certified by, and could be registered with, mortgagee, is a trust mortgage, depends largely upon intent of the parties at time it was executed as evidenced, in this record, by original instrument and pleadings; fact that word "trustee" is used only once, or even if not used at all, not being decisive of such issue.

3. Same—Trust Mortgage—Construction.

Mortgage, containing clause assigning rents and profits to mortgagee in case of default in payment of bonds secured thereby, payable to, certified by and registrable with mortgagee, executed prior to effective date of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), which bonds were largely renewed after such date under agreement incorporating mortgage by reference *held*, trust mortgage, notwithstanding plaintiff's counsel concedes it might not have been such a mortgage originally, the right to construe such an instrument being in the court.

4. Same—Renewal—Appointment of Receiver.

Trustee *held*, entitled to appointment of a receiver to collect rents and profits after default in payment of renewal bonds secured by mortgage executed prior to effective date of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), with clause assigning rents and profits to mortgagee in case of default and partially on the strength of which provision a large portion of bond issue originally secured by the mortgage was renewed after effective date of said act with knowledge on part of mortgagor that mortgagee was acting merely as trustee.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 24, 1935. (Docket No. 18, Calendar No. 38,410.) Decided January 6, 1936. Rehearing denied March 3, 1936.

Bill by Union Guardian Trust Company, a Michigan corporation, trustee, against Morris Zack and

wife for foreclosure of a trust mortgage, appointment of a receiver and other relief. From order denying appointment of a receiver, plaintiff appeals. Reversed and remanded.

*John M. Chase (H. R. Martin,* of counsel), for plaintiff.

*Friedman, Meyers & Keys (Sylvan Rapaport,* of counsel), for defendant Morris Zack.

Butzel, J. On June 13, 1924, defendant and appellee, Morris Zack, gave a mortgage, in which his wife joined, to the Guaranty Trust Company of Detroit on property in Detroit, improved with a three-story brick building containing 20 apartments and 5 stores, to secure 102 bonds aggregating $80,000. The maturity of the bonds ran from June 13, 1925, to June 13, 1929. The mortgage provided that it secured all bonds which might be executed in renewal or part renewal of those set forth in the mortgage. It also contained a provision assigning the rents upon default "at the option of said mortgagee, its successors or assigns." The mortgage, however, was executed prior to the effective date of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499).

On June 13, 1929, the balance of $65,000 of the bonds became due and was not paid. Thereupon the Guaranty Trust Company and defendant entered into a new agreement under which 79 new bonds were issued, dated June 13, 1929, aggregating $65,000 and payable over a term of from one to seven years. The bonds were payable to the Guaranty Trust Company or bearer or registered holder thereof at the office of the Guaranty Trust Company. The agreement stated that the bonds were issued in renewal of the bonds or obligations specified in the mortgage of June 13, 1924, and that

the old bonds had been surrendered and canceled on the execution and delivery of the renewal bonds. At the time the extension agreement was executed and the new bonds issued in renewal of the old ones, the latter were held entirely by the public, the Guaranty Trust Company holding none of them. The coupons were paid up to December 13, 1930, but default was made in the payment of those that became due June 13, 1931, and since that time. The State and county taxes for 1931 and the second half of the city taxes for 1931 and all of the city, State and county taxes for the years subsequent to 1931 were not paid. The briefs show that since the hearing in the lower court, the defendant had made a part payment on the city taxes and placed them under the 7-year plan.

On July 24, 1934, a suit was brought by the State banking commissioner against the Guaranty Trust Company. The Detroit Trust Company was appointed successor trustee of the trust mortgages of which the Guaranty Trust Company had been trustee. Subsequently the Union Guardian Trust Company was appointed successor trustee of the Detroit Trust Company, as trustee of the mortgage herein under consideration. The Union Guardian Trust Company filed a notice of default with the office of the register of deeds of Wayne county, Michigan, in accordance with Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), and demanded the rents from the premises in question, but defendant refused to surrender them. On February 14, 1935, the trust company filed a bill of foreclosure in which it asked that a receiver be appointed so that it might secure these rents. On a hearing on an order to show cause, plaintiff's prayer for a receiver was denied but without prejudice to a further application should conditions

change.    Plaintiff has appealed from this order, claiming a receiver by virtue of the assignment of rents clause in the mortgage and also on the ground that defendant has committed waste in the non-payment of taxes.    We only need consider the first ground.

Although the mortgage was executed prior to the effective date of the 1925 act, the renewal of the obligations in 1929 makes the act applicable where the assignment of rents clause appears in the renewal agreement either expressly or, as appears in the instant case, by incorporation. *Central Trust Co.* v. *Wolf,* 262 Mich. 209.    The only question before us, therefore, is whether or not this is a trust mortgage within the meaning of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499). The word "trustee" is used only once in the mortgage.    It appears in the covenant which provides that upon the occurrence of default and on demand of the holders of the bonds secured, "it shall be the duty of said mortgagee * * * to institute proper proceedings as *trustee* for the holders of such bonds for the foreclosure of the lien of this mortgage." Although the record does not contain a copy of the original bonds, it appears in the mortgage that the bonds were payable to the mortgagee, its successors and assigns, or to the bearer or bearers of the bonds at the office of the mortgagee.    The mortgage provides that each bond should be certified by the mortgagee to be one of the bonds mentioned in and secured by the mortgage and further provides for the registration of the bonds by the holders thereof. The fact that the word "trustee" is only used once in the mortgage or even if it had not been used at all, would not be determinative of whether the mortgage was a trust mortgage or not.    Whether an instrument is a trust mortgage would depend large-

ly upon the intention of the parties at the time the mortgage was executed. *Giblin* v. *Detroit Trust Co.,* 270 Mich. 293. The only information which the record reveals from which we may deduce the intention of the parties is the original instrument and the pleadings. Notwithstanding the fact that counsel for plaintiff, who may have relied upon the opinions of this court prior to the very recent case of *Giblin* v. *Detroit Trust Co., supra,* concedes that the mortgage may not have been a trust mortgage *ab initio,* we are not bound by this concession. The right to construe instruments is with us. The mortgage and its accompanying bonds bear the earmarks of a trust mortgage.

Defendant argues that the most that can be claimed for the extension agreement is that it made the mortgage effective as of 1929 rather than as of 1924. Its effect was greater than that. On June 13, 1929, when the agreement was made with the Guaranty Trust Company for the renewal bonds, defendant admits that all of the original bonds were in the hands of the public. The Guaranty Trust Company at that time was a bare trustee of the mortgagee's interest. *Equitable Trust Co.* v. *Milton Realty Co.,* 263 Mich. 673. The renewing of the mortgage and the bonds by the defendant, when the Guaranty Trust Company had but a trustee's interest, precludes defendant from denying that this was a trust mortgage. He cannot claim all of the advantages of a renewal made, at least partially, on the strength of the provision relating to the assignment of rents and profits and at the same time repudiate this very clause when he and the other parties to the renewal knew that the trust company had no bonds at the time, but was merely acting as trustee. A careful consideration of the entire transaction leads us to the conclusion that

defendant's claim is so inequitable that it must be denied.

The order of the lower court is reversed and the case remanded with instructions to appoint a receiver. Plaintiff will recover costs.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.