UNION GUARDIAN TRUST CO. *v.* McBRIDE.

1. MORTGAGES — TRUST MORTGAGES — ASSIGNMENT OF RENTS AND PROFITS—STATUTES.

Mortgage, running to a trust company, containing an assignment of rents and profits, given to secure negotiable bonds, for which mortgagor has paid underwriting charge to defray expense of selling bonds and fee for having them validated for sale to public and which was executed subsequent to effective date of Act No. 228, Pub. Acts 1925, *held*, trust mortgage within meaning of said act (3 Comp. Laws 1929, §§ 13498, 13499).

2. SAME—NONPAYMENT OF TAXES—RECEIVERS.

Nonpayment of taxes by mortgagor as required by trust mortgage, securing negotiable bonds sold to public, and permitting six tax sales to city in which property was located *held*, to imperil security to such extent as to require appointment of receiver on petition of trustee-mortgagee to collect rents and profits pursuant to assignment contained in mortgage (3 Comp. Laws 1929, §§ 13498, 13499).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 14, 1937. (Docket No. 15, Calendar No. 39,528.) Decided November 10, 1937. Rehearing denied December 15, 1937.

Bill by Union Guardian Trust Company, a Michigan corporation, trustee, against James F. McBride, Samuel Coggan and wife and others to foreclose a trust mortgage, for appointment of a receiver, a deficiency decree and other relief under a mortgage dated June 15, 1926. From order denying petition for appointment of a receiver, plaintiff appeals. Reversed.

*John M. Chase*, for plaintiff.

*Friedman, Meyers & Keys,* for defendant.

Wiest, J.   Under a bill in equity to foreclose a real estate mortgage securing negotiable bonds, intended to be certified and sold by the mortgagee, and in fact sold to the public, plaintiff asked for the appointment of a receiver, *pendente lite,* to collect the rents, as provided in the mortgage, on the ground that it was a trust mortgage within the purview of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499).   Upon the hearing the court held it was not a trust mortgage, and refused to appoint a receiver, and plaintiff prosecutes review by appeal.

We quote the following from the mentioned statute:

"Hereafter, in or in connection with any trust mortgage or deed of trust, to secure bonds or obligations issued or to be issued thereunder, it shall be lawful to assign the rents and profits of the property mortgaged to the trustee or trustees under the trust mortgage or deed of trust."   3 Comp. Laws 1929, § 13498.

The mortgage was given to secure 39 bonds, totaling $35,000; which bonds were signed by the mortgagor and payable to the mortgagee "or bearer, or if this bond is registered then to the registered holder," at the office of the mortgagee.   The bonds also provided that they should not be valid in the hands of any person, unless authenticated by the certificate of the mortgagee indorsed thereon.

The pivotal question under the evidence is well stated by appellant as follows:

"Is a mortgage, running to a trust company as 'mortgagee,' containing an assignment of rents pro-

vision, given to secure negotiable 'first mortgage gold bonds' with interest coupons attached, the mortgagor having paid an underwriting charge to defray the expense of selling the bonds and also the fee of the Michigan securities commission to have the bonds validated for sale, and the bonds and coupons being in form designed for sale to the public and certified as being secured by the mortgage and sold to the public, a trust mortgage within the meaning of Act No. 228, Pub. Acts 1925?''

The well-reasoned answer in the affirmative is found in *Union Guardian Trust Co.* v. *Zack,* 274 Mich. 108. That case is readily accessible to the profession, and we need not here repeat what we there said.

The nonpayment of State, county and city taxes by the mortgagor, as required by the mortgage, for the years 1931, 1932, 1933, 1934, 1935 and 1936, and permitting six tax sales to the city so imperiled the security as to call forth the provided protection and authorize the appointment of a receiver in the case at bar. Plaintiff is entitled to have a receiver appointed.

The order appealed from is reversed and the case remanded to the circuit court with direction to appoint a receiver.

Plaintiff will recover costs.

NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.

FEAD, C. J., did not sit.