ROZELLE v DORA

Docket No. 48986. Submitted June 17, 1980, at Lansing.—Decided
    July 24, 1980. Amended opinion filed February 5, 1981. Leave
    to appeal denied, 409 Mich 917.

Katie Rozelle petitioned the Ingham Circuit Court to allow her
    visitation rights with her minor child who was in the custody of
    his father, Joseph L. Dora. An earlier order of the Ionia County
    Probate Court had terminated Rozelle's visitation rights. The
    Ingham Circuit Court, James R. Giddings, J., ruled that it had
    jurisdiction to entertain the petition because it had granted
    custody to Dora prior to the action in the Ionia court. Dora
    sought leave to appeal to the Court of Appeals, which was
    denied. Dora then sought leave to appeal to the Supreme Court,
    which, in lieu of granting leave, remanded the case to the
    Court of Appeals for consideration as if by leave granted. 407
    Mich 945 (1979). *Held:*

    A probate court presented with a petition regarding custody
    of a child over which another court has continuing jurisdiction
    has authority only to issue temporary orders deemed advisable
    or necessary for the protection of the child. The court with
    continuing jurisdiction is not divested of its authority to decide
    the custody issue. Therefore, the Ingham Circuit Court had
    jurisdiction to act upon the petition for visitation rights.

    Affirmed.

1. Courts — Probate Courts — Jurisdiction — Child Custody —
    Statutes.

    A probate court, presented with a petition concerning the custody
    of a child over whom another court already has continuing
    jurisdiction, has authority to issue only a temporary order
    pertaining to care or custody as is deemed advisable or neces-
    sary for the protection of the child; the issue of such an order
    by the probate court does not divest the other court of jurisdic-
    tion to decide matters concerning custody of the child (MCL
    712A.2[b]; MSA 27.3178[598.2][b]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 104, 147.
[2] 73 Am Jur 2d, Statutes §§ 145, 146, 204-208.

2. Appeal — Statutes — Legislative Intent.

> The Court of Appeals will review the specific language of a statutory provision where there is a question of statutory intent, and in the absence of contrary legislative intent a specific statutory term will be given its plain and ordinary meaning.

*Woodrow A. Deppa,* for defendant Joseph L. Dora.

Before: M. F. Cavanagh, P.J., and D. E. Holbrook, Jr., and J. H. Piercey,* JJ.

Per Curiam. This appeal arises from a decision of the Ingham County Circuit Court, holding that it had jurisdiction to hear the plaintiff's petition for child visitation. The petition was filed after entry of an order of the Ionia County Probate Court terminating the plaintiff's rights to visitation with her minor child. At the hearing on the petition the defendant argued that the Ingham Circuit Court was without jurisdiction to entertain the plaintiff's petition and relied on the alleged *res judicata* effect of the Ionia Probate Court's prior order. The circuit court ruled that it had concurrent jurisdiction with the probate court.

Defendant then sought leave to appeal the circuit court's decision and coupled his application with motions for immediate consideration and for a stay of the Ingham County proceedings. This Court denied the defendant's application, but directed the Ingham County Circuit Court, in its decision on visitation rights, to take cognizance of the Ionia Probate Court's findings and conclusions. Thereafter, the defendant filed an application for leave to appeal in the Supreme Court and again coupled his application with motions for immedi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ate consideration and a stay of the Ingham County proceedings. The Supreme Court remanded the case for consideration as if by leave granted. The order remanded the motion for stay of proceedings for further consideration by this Court. 407 Mich 945 (1979). Thereafter, this Court granted the defendant's application and ordered the Ingham County proceedings stayed pending disposition of the jurisdiction question.

The following statutory jurisdictional provision controls our disposition of this case:

"Except as provided herein, the juvenile division of the probate court shall have:

*    *    *

"(b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county

"(1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical or other care necessary for his health, morals, or who is deprived of emotional well-being, or who is abandoned by his parents, guardian or other custodian, or who is otherwise without proper custody or guardianship; or

"(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality or depravity on the part of a parent, guardian or other custodian, is an unfit place for such child to live in, or whose mother is unmarried and without adequate provision for care and support.

"If a petition is filed in any probate court alleging that a child is within the provisions of paragraphs (1) or (2) of subdivision (b), and the custody of such child shall be subject to the prior or continuing order of another court of record of this state, the court in which such petition is filed shall forthwith cause notice of the filing of such petition to be served upon the prosecuting attorney for the county in which such other court is

situated, personally or by registered mail. Immediately upon receiving such notice, the prosecuting attorney shall prepare and file such pleadings, petitions, notices or orders as may be necessary to bring the matter before such other court for hearing and such disposition, consistent with the powers of such court, as may be for the best interests of such child. *Pending action by such other court in regard to the matter, the probate court with which such petition has been filed shall have jurisdiction to make any temporary orders pertaining to care or custody which may be deemed advisable or necessary for the protection of such child."* MCL 712A.2(b); MSA 27.3178(598.2)(b). (Emphasis added.)

The critical language is that contained in the second paragraph of subsection 2 above. This section provides that where the custody of a child is within the continuing jurisdiction of one court, a probate court later presented with a petition regarding custody is required to provide notice of the petition to the prosecutor in the county of the first court. That prosecuting attorney is then required to prepare pertinent pleadings or other documents so as to bring the custody-related matter before the court with continuing jurisdiction. The only authority of the probate court to act in regards to a person over whom the prior court has continuing jurisdiction is that "temporary orders" may be issued which are "deemed advisable or necessary for the protection of such child".

When addressed with a question of statutory intent, this Court will review the specific language of the disputed provision. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977). Additionally, a specific term will be given its plain and ordinary meaning in the absence of contrary legislative intent. *Bingham v American Screw Products Co,* 398 Mich 546, 563; 248 NW2d 537 (1976). Our examination

of this jurisdictional statute discloses a plain legislative intent to confer limited jurisdiction on the probate court to issue temporary orders regarding a person within the continuing jurisdiction of another court. Further, the court with continuing jurisdiction is not to be displaced of its authority to finally decide the custody-related issue brought to the probate court.[1]

In this case, the child was subject to the continuing jurisdiction of the Ingham County Circuit Court, based upon a prior paternity action brought therein against the defendant. Further, at no time did the Ingham Circuit Court fully waive its jurisdiction. Where the child was under the continuing jurisdiction of the Ingham Circuit Court, the jurisdiction of the Ionia Probate Court was statutorily

[1] We do not find the provisions of MCL 712A.2(b); MSA 27.3178(598.2)(b), inconsistent with GCR 1963, 724.1(5) (Proceedings Affecting the Person of a Minor; Orders of Prior and Subsequent Courts of Record), which states in part:

"Whenever any order, judgment, or amended order of judgment of any court of record of this state has provided or should have provided for continuing jurisdiction over the person of any minor; and during such continuing jurisdiction, proceedings are commenced in another court of record of this state having separate jurisdictional grounds provided by law affecting the person of the same minor, no waiver or transfer of jurisdiction is required for the full and valid exercise of jurisdiction of the subsequent court.

\* \* \*

"Each and every provision of any prior order of any court of record shall continue in full force and effect for so long as or until, such provision or provisions are superseded, changed, or terminated by subsequent order of a court of record.

\* \* \*

"The subsequent court shall give due consideration to prior continuing orders of other courts of record and refrain from entering orders contrary or inconsistent with such prior orders unless appropriate to the welfare of the child and in the best interests of justice." GCR 1963, 724.1(5).

We read this statute and court rule together so as not to deprive the Ingham County Circuit Court of jurisdiction over the custody-related issue because of its continuing jurisdiction. This reading of MCL 712A.2(b); MSA 27.3178(598.2)(b) and GCR 1963, 724.1(5) is not in discord with our holding in this case.

limited to the issuance of temporary orders pending further circuit court action. Therefore, the Ingham Circuit Court correctly found itself with jurisdiction to hear the plaintiff's petition.

Affirmed. No costs.