KRAJEWSKI v KRAJEWSKI

Docket No. 71755. Argued May 10, 1984 (Calendar No. 10).—Decided December 28, 1984. Released January 25, 1985.

Theresa Krajewski was a ward of the Berrien Circuit Court as a result of a custody order entered in connection with her parents' divorce. A protective services worker of the Department of Social Services petitioned the Berrien Probate Court, Juvenile Division, asserting that the division had jurisdiction of Theresa because of alleged neglect by her father and seeking an order making Theresa a ward of the probate court and placing her in foster care under the supervision of the department. Theresa was made a temporary ward of the probate court and placed under the department's supervision. Subsequently, the department petitioned the probate court for termination of parental rights. At a hearing to determine whether parental rights should be terminated, the question arose whether a waiver of jurisdiction by the circuit court was necessary before the probate court could enter a permanent order. The Berrien County Prosecutor moved the circuit court for an order of waiver of jurisdiction. The court, Julian E. Hughes, J., held that no waiver need be obtained for the probate court to enter a permanent order affecting the parental rights in question. The Court of Appeals, MacKenzie, P.J., and R. M. Maher and Simon, JJ., held that the probate court has jurisdiction to enter only temporary orders where a child's custody is subject to the prior or continuing order of another court of record and that until such court waives its jurisdiction the probate court cannot exercise its full jurisdiction (Docket No. 63848). Theresa Krajewski, by her guardian ad litem, and the Berrien County Prosecutor appeal.

In an opinion by Justice Kavanagh, joined by Chief Justice Williams and Justices Levin and Boyle, the Supreme Court *held:*

The Legislature, having given concurrent jurisdiction to the probate court in matters concerning children under seventeen years of age, intended the other provisions of the Juvenile

SMALL CAPS REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 104.

Code, such as for notice, to operate as procedural rules calculated to accomplish efficiently the act's purpose. Such provisions prescribe the manner in which the conferred jurisdiction should be exercised, but do not purport to limit jurisdiction. The authorization of temporary orders in the act should not be read as a proscription of permanent orders. Waiver by a circuit court confers no jurisdiction on a probate court. The act confers the jurisdiction.

The observation in the General Court Rule that "no waiver or transfer of jurisdiction is required for the full and valid exercise of jurisdiction of the subsequent court" evinces the conviction of the Supreme Court that children intended to be protected by the constitution and the Juvenile Code can best be served by a procedure which, having provided for appropriate notice and opportunity for a prior court to exercise its responsibility under its jurisdiction to further the child's best interests, nonetheless gives unrestricted freedom to the juvenile court to carry out its mandate.

Reversed.

Justice Cavanagh, joined by Justices Ryan and Brickley, dissenting, stated that when a neglect petition is filed in the juvenile division of the probate court and the minor child is the subject of a prior or continuing order of the circuit court, the Juvenile Code requires that the circuit court be notified of the pending action and that it take whatever measures are appropriate. Pending such action by the circuit court, the probate court has jurisdiction to make only temporary orders pertaining to care or custody of the child. The General and Probate Court Rules applicable to such a proceeding are in conflict with the Juvenile Code insofar as they authorize the juvenile division of the probate court to enter permanent orders prior to the circuit court waiving its concurrent jurisdiction. Because the conflict in this case involves a matter of jurisdiction, the statute controls.

Subsequent to argument in this case, the Legislature suspended the operation of the section of the Juvenile Code at issue between June 20, 1984 and July 1, 1986. This "moratorium" means that there is no statute presently limiting the probate court's jurisdiction to the issuance of temporary orders pending the circuit court's waiver of jurisdiction. Probate courts therefore may now exercise the full extent of their concurrent jurisdiction over neglected and dependent children, as long as they otherwise comply with the procedural requirements of the court rules.

125 Mich App 407; 335 NW2d 923 (1983) reversed.

OPINION OF THE COURT

1. COURTS — PROBATE COURT — JUVENILE DIVISIONS — JURISDICTION.

The juvenile division of a probate court has jurisdiction to enter permanent orders in child custody proceedings where the custody of the child is subject to a prior or continuing order of another court of record; the Legislature intended that procedural rules in the Juvenile Code which prescribe the manner in which jurisdiction should be exercised should not limit jurisdiction, and the applicable court rules are consistent with that intention (MCL 712A.2[b]; MSA 27.3178[598.2][b]; GCR 1963, 724.1[5]; PCR 111.2).

DISSENTING OPINION BY CAVANAGH, J.

2. COURTS — PROBATE COURT — JUVENILE DIVISIONS — JURISDICTION.

*The juvenile division of a probate court has jurisdiction under the Juvenile Code to make only temporary orders pertaining to care or custody of a child where the child is subject to the prior or continuing order of the circuit court until the circuit court waives its jurisdiction; court rules providing otherwise are in conflict with the statute, and, because jurisdiction is involved, the statute controls (MCL 712A.2[b]; MSA 27.3178[598.2][b]; GCR 1963, 724.1[5]; PCR 111.2).*

*Berrien County Legal Services Bureau, Inc.* (by *Mary Ellen Drolet),* for plaintiff Edna Krajewski.

*Seymour, Conybeare, Straub, Seaman & Allen, P.C.* (by *James M. Straub* and *Margaret A. Penninger),* for defendant Theresa Krajewski by Guardian Ad Litem *James M. Straub.*

*Paul L. Maloney,* Prosecuting Attorney, and *John T. Burhans* and *Robert S. Yampolsky,* Assistant Prosecuting Attorneys, for defendant Berrien County Prosecutor.

Amici Curiae:

*R. Scott Ryder* for Michigan Probate and Juvenile Court Judges Association.

*Peter D. Houk* and *Joseph P. Kwiatkowski* for Prosecuting Attorneys Association of Michigan.

KAVANAGH, J. This case concerns the extent of power that may be exercised by the juvenile division of probate court in dealing with abused or neglected minors who are wards of a circuit court by virtue of a custody award rendered as part of a divorce decree.

The trial court held that a waiver of circuit court jurisdiction was not required. The Court of Appeals reversed. *Krajewski v Krajewski,* 125 Mich App 407; 335 NW2d 923 (1983). We are persuaded the Court of Appeals erred.

The facts giving rise to this controversy are not complicated. Theresa Krajewski, a minor, was under the continuous jurisdiction of the Berrien Circuit Court by virtue of a custody order entered in connection with her parents' divorce in 1974. In 1979, a petition was filed in the Berrien Probate Court, Juvenile Division, asserting that Theresa came within the appropriate provisions, MCL 712A.2(b); MSA 27.3178(598.2)(b), of the Juvenile Code and praying the court to take jurisdiction. A temporary order granting the petition was entered.

At a hearing in April, 1981, to determine if parental rights should be terminated, the question was raised whether, in light of *Rozelle v Dora,* 103 Mich App 607; 303 NW2d 43 (1981), a waiver of circuit court jurisdiction was necessary. The juvenile court judge took the matter under advisement pending determination of that issue.

The juvenile division of probate court has:

"(b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county

"(1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical,

surgical or other care necessary for his health, morals, or who is deprived of emotional well-being, or who is abandoned by his parents, guardian or other custodian, or who is otherwise without proper custody or guardianship; or

"(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality or depravity on the part of a parent, guardian or other custodian, is an unfit place for such child to live in, or whose mother is unmarried and without adequate provision for care and support.

"If a petition is filed in any probate court alleging that a child is within the provisions of paragraphs (1) or (2) of subdivision (b), and the custody of such child shall be subject to the prior or continuing order of another court of record of this state, the court in which such petition is filed shall forthwith cause notice of the filing of such petition to be served upon the prosecuting attorney for the county in which such other court is situated, personally or by registered mail. Immediately upon receiving such notice, the prosecuting attorney shall prepare and file such pleadings, petitions, notices or orders as may be necessary to bring the matter before such other court for hearing and such disposition, consistent with the powers of such court, as may be for the best interests of such child. Pending action by such other court in regard to the matter, the probate court with which such petition has been filed shall have jurisdiction to make any temporary orders pertaining to care or custody which may be deemed advisable or necessary for the protection of such child." MCL 712A.2(b); MSA 27.3178(598.2)(b).

The Court of Appeals concluded that under the circumstances described by the foregoing statute the probate court has jurisdiction to enter only temporary orders. Until the circuit court waives its jurisdiction, said the Court of Appeals, the probate court cannot exercise its full jurisdiction.

We do not read that statute so narrowly. Once having given concurrent jurisdiction to the probate court, the Legislature intended the act's other

provisions, such as for notice, to operate as procedural rules calculated to accomplish efficiently the act's purpose. Such provisions prescribe the manner in which the conferred jurisdiction should be exercised, but do not purport to limit jurisdiction. The authorization of temporary orders should not be read as a proscription of permanent orders.

Waiver by circuit court confers no jurisdiction on the probate court. The statute confers the jurisdiction.

To obviate questions over which court should first attend to the child's needs, we adopted GCR 1963, 724.1(5) and PCR 111.2, which for the most part adopted the procedures suggested by the Legislature.

The relevant provisions of GCR 1963, 724.1 read:

"Each and every provision of any prior order of any court of record shall continue in full force and effect for so long as or until, such provision or provisions are superseded, changed, or terminated by subsequent order of a court of record.

\*   \*   \*

"The subsequent court shall give due consideration to prior continuing orders of other courts of record and refrain from entering orders contrary or inconsistent with such prior orders unless appropriate to the welfare of the child and in the best interests of justice."

The observation in GCR 1963, 724.1(5) that "no waiver or transfer of jurisdiction is required for the full and valid exercise of jurisdiction of the subsequent court" evinces our conviction that the children intended to be protected by the constitution and the Juvenile Code can best be served by a procedure which, having provided for appropriate notice and opportunity for the prior court to exercise its responsibility under its jurisdiction to further the child's best interests, nonetheless gives

unrestricted freedom to the juvenile court to carry out its mandate.

For the foregoing reasons, we set aside the decision of the Court of Appeals and reinstate the order of the Berrien Circuit Court.

WILLIAMS, C.J., and LEVIN and BOYLE, JJ., concurred with KAVANAGH, J.

CAVANAGH, J. *(dissenting)*. We granted leave to appeal in this case to determine whether MCL 712A.2(b); MSA 27.3178(598.2)(b) sets forth only procedural rules to be employed when the circuit court and the juvenile division of the probate court have concurrent jurisdiction over a child. The facts of this case and the statute at issue are set forth in the majority opinion.

Circuit courts have original jurisdiction in all matters not prohibited by law. Const 1963, art 6, § 13.[1] The jurisdiction of probate courts is more limited. Under Const 1963, art 6, § 15, probate courts have original jurisdiction in all cases involving juvenile delinquents and dependents, except as otherwise provided by law. The jurisdiction, powers, and duties of the probate court and its judges are further provided by law.[2]

When a neglect petition is filed in the juvenile division of the probate court and the minor child is the subject of a prior or continuing order of the circuit court, MCL 712A.2(b); MSA

---

[1] Const 1963, art 6, § 13 also empowers this Court to delineate by court rule the jurisdiction of the circuit court over other cases and matters. However, we have no similar power with regard to the probate court's jurisdiction under Const 1963, art 6, § 15.

[2] Subsection (a) of MCL 712A.2; MSA 27.3178(598.2) confers "exclusive original jurisdiction" over delinquent children to the juvenile division of the probate court. In contrast, subsection (b) grants only "jurisdiction" over neglected and dependent children. Thus, a probate and circuit court can have concurrent jurisdiction over a neglected or dependent child.

27.3178(598.2)(b) requires that the circuit court be notified of the pending action and that it take whatever measures are appropriate. However, pending such action by the circuit court,

"the probate court with which such petition has been filed *shall have jurisdiction to make any temporary orders* pertaining to care or custody which may be deemed advisable or necessary for the protection of such child." (Emphasis added.)

Although much of the statute at issue sets forth procedural rules, the above-quoted sentence clearly is jurisdictional in nature.[3]

GCR 1963, 724.1(5), which is incorporated into PCR 111.2, provides that the court having prior continuing jurisdiction over a child need not waive or transfer jurisdiction before the subsequent court can exercise its full jurisdiction.[4] Insofar as these

[3] Presented with a factually analogous situation, the Court of Appeals, in *Rozelle v Dora,* 103 Mich App 607, 610-612; 303 NW2d 43 (1981), construed the statute in a similar manner:

"The critical language is that contained in the second paragraph of subsection 2 above. This section provides that where the custody of a child is within the continuing jurisdiction of one court, a probate court later presented with a petition regarding custody is required to provide notice of the petition to the prosecutor in the county of the first court. That prosecuting attorney is then required to prepare pertinent pleadings or other documents so as to bring the custody-related matter before the court with continuing jurisdiction. The only authority of the probate court to act in regards to a person over whom the prior court has continuing jurisdiction is that 'temporary orders' may be issued which are 'deemed advisable or necessary for the protection of such child.'

\* \* \*

"In this case, the child was subject to the continuing jurisdiction of the Ingham County Circuit Court, based upon a prior paternity action brought therein against the defendant. Further, at no time did the Ingham Circuit Court fully waive its jurisdiction. Where the child was under the continuing jurisdiction of the Ingham Circuit Court, the jurisdiction of the Ionia Probate Court was statutorily limited to the issuance of temporary orders pending further circuit court action."

[4] PCR 111.2 provides:

"Prior Proceedings Affecting the Person of a Minor. Proceedings

court rules authorize the juvenile division of the
probate court to enter permanent orders prior to

affecting the person of minors who are subject to the prior continuing
jurisdiction of another court of record shall be governed by the
provisions of GCR 1963, 724.1(5), including the requirement that
petitions in such proceedings shall contain allegations with respect to
such prior proceedings."

GCR 1963, 724.1(5) provides:

"Proceedings Affecting the Person of a Minor; Orders of Prior and
Subsequent Court of Record. Whenever any order, judgment, or
amended order or judgment of any court of record of this state has
provided or should have provided for continuing jurisdiction over the
person of any minor; and during such continuing jurisdiction, pro-
ceedings are commenced in another court of record of this state
having separate jurisdictional grounds provided by law affecting the
person of the same minor, *no waiver or transfer of jurisdiction is
required for the full and valid exercise of jurisdiction of the subse-
quent court.*

"All original pleadings shall indicate prior continuing jurisdiction
of another court of record, if such fact is known to the petitioner.

"When a minor is known to be subject to the continuing jurisdiction
of a prior court, written notice of the proceedings in the subsequent
court shall be mailed to the clerk or register, the friend of the court
or juvenile officer, and the prosecuting attorney of the county wherein
such prior court is located. Such notice shall be mailed at least 20
days prior to the date set for hearing unless the minor is not then
known to be subject to such continuing jurisdiction in which case
such notice shall be given immediately upon such fact becoming
known. *Notice is not jurisdictional, and shall not preclude the subse-
quent court from entering interim orders prior to the expiration of
said 20-day period if best interests of the child so require.*

"The prior court may, or, if directed by the judge shall, by the
prosecutor, friend of the court, or juvenile court officer, transmit
copies of appropriate records, or appear in the proceedings in the
subsequent court.

"Each and every provision of any prior order of any court of record
shall continue in full force and effect for so long as or until, such
provision or provisions are superseded, changed, or terminated by
subsequent order of a court of record.

"Notice of the entry of all subsequent orders shall immediately be
mailed to the clerk or register, the friend of the court or juvenile
officer, and the prosecuting attorney of the prior court.

"While transmittal of records, appearances, and giving the notices
herein required shall be assigned duties of court staff of the several
courts, *such requirements shall not affect jurisdiction of the subse-
quent court.*

"The subsequent court shall give due consideration to prior continu-
ing orders of other courts of record and refrain from entering orders
contrary or inconsistent with such prior orders unless appropriate to
the welfare of the child and in the best interests of justice." (Empha-
sis added.)

the circuit court waiving its concurrent jurisdiction, the rules are in conflict with the last sentence of MCL 712A.2(b); MSA 27.3178(598.2)(b). The Court of Appeals correctly concluded that since the conflict involves a jurisdictional matter, the statute controls.[5]

After this Court granted leave to appeal and heard oral arguments in this case, MCL 712A.2; MSA 27.3178(598.2) was amended by 1984 PA 131, effective June 1, 1984. Although the language of subsection (b)(2) was not significantly changed, the Legislature specifically provided that subsection (b)(2) was not to apply between June 20, 1984, and July 1, 1986. This "moratorium" means that there is no statute presently limiting the probate court's jurisdiction to the issuance of temporary orders pending the circuit court's waiver of jurisdiction.[6]

[5] Although a waiver of prior jurisdiction by the circuit court is a jurisdictional prerequisite under subsection (b)(2) to the probate court's issuance of permanent orders, we would not hold that all permanent orders issued without such a waiver are now void or voidable. In *People v Fields,* 391 Mich 206, 221; 216 NW2d 51 (1974), this Court gave prospective effect to its decision concerning the validity of waivers of probate court jurisdiction over certain delinquent minors. A distinction was made between judicial decisions which prevent an accused from being tried at all and those that merely determine which forum is appropriate. Decisions concerning the latter types of jurisdictional matters can be given prospective effect. Since most of the permanent orders which have been improperly issued by the juvenile division of probate court concern custody, visitation, parental rights, etc., the circuit court could have theoretically entered the same type of permanent order upon proper findings of fact. As in *Fields,* the problem presented merely involves the proper choice of forum. The instant case presents no such retroactivity problem since the probate court has not yet ordered that plaintiff mother's parental rights be permanently terminated.

[6] The relevant portions of 1984 PA 131 as presently written state:

"(b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county:

"(1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical, or other care necessary for his or her health or morals, or who is deprived of emotional well-being, or who is abandoned by his or her parents, guardian, or other custodian, or who is otherwise without proper custody or guardianship.

Probate courts therefore may now exercise the full extent of their concurrent jurisdiction over neglected and dependent children, as long as they otherwise comply with the procedural requirements of PCR 111.2 and GCR 1963, 724.1(5).[7]

For these reasons, we would affirm the decision of the Court of Appeals, although 1984 PA 131 has

"(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, or other custodian, is an unfit place for such child to live in. If a petition is filed in any probate court alleging that a child is within the provisions of subdivision (b)(1) or (2), and the custody of that child is subject to the prior or continuing order of another court of record of this state, the court in which the petition is filed shall immediately cause notice of the filing of the petition to be served upon the prosecuting attorney for the county in which the other court is situated, personally or by registered mail. Immediately upon receiving the notice, the prosecuting attorney shall prepare and file such pleadings, petitions, notices or orders as may be necessary to bring the matter before the other court for hearing and such disposition, consistent with the powers of that other court, as may be for the best interests of the child. Pending action by the other court in regard to the matter, the probate court with which the petition has been filed shall have jurisdiction to make any temporary orders pertaining to care or custody which may be considered advisable or necessary for the protection of the child. *This paragraph shall not apply between June 20, 1984, and July 1, 1986.*" (Emphasis added.)

A literal interpretation of the last sentence of subsection (b)(2) would mean that as of June 20, 1984, the juvenile division of probate court no longer has jurisdiction of children "[w]hose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, or other custodian, is an unfit place for such child to live in." We do not believe that the Legislature intended such an absurd result. The prior version of subsection (b)(2), as well as the original version of House Bill No. 5043 (which eventually was enacted as 1984 PA 131), consisted of two separate paragraphs. The second paragraph began with the second sentence, "If a petition is filed * * *." Assuming that the consolidation of the paragraphs in the enacted version is merely a clerical error in legislative drafting, we interpret the above-quoted language to be a suspension of the statutory notice and temporary orders provisions only.

[7] Although 1984 PA 131 renders this particular case moot, the proper interpretation of and interplay between the statute and court rules is necessary to provide future guidance to the Legislature, bench, and bar.

Since 1984 PA 131 obviates the need for waiver hearings in the circuit courts until July 1, 1986, the scope of such waiver hearings need not be determined at this time.

temporarily obviated the statutory requirement that the circuit court waive its concurrent jurisdiction over neglected and dependent minor children before the probate court can issue permanent orders concerning such children. We would remand this case to the juvenile division of Berrien Probate Court for further proceedings consistent with this opinion.

RYAN and BRICKLEY, JJ., concurred with CAVANAGH, J.