Cavanagh, J.
(dissenting). I respectfully dissent from the majority opinion because I believe that Robert Smitter was a “volunteer fire fighter[]” for purposes of applying MCL 418.354(15) of the Michigan Worker’s Disability Compensation Act (WDCA),[1] and, thus, Thor-napple Township was permitted to provide Smitter with uncoordinated benefits. While I do not necessarily disagree with Justice McCormack’s conclusion that the WDCA may allow all employers to decide whether to coordinate workers’ compensation benefits and disability insurance benefits, I do not believe that it is necessary to decide that issue in this case. Rather, because the majority recognizes that MCL 418.354(15) permits the employer of a volunteer firefighter to provide its employees with uncoordinated benefits, I believe that the majority’s conclusion that benefits coordination is mandatory except in the employment circumstances listed in MCL 418.354(15) is unnecessary dictum. Likewise, I believe that the majority’s decision to overrule Rahman v Detroit Bd of Ed, 245 Mich App 103; 627 NW2d 41 (2001), is also dictum.
Although both parties stated at oral argument that Smitter was not a volunteer firefighter for purposes of applying MCL 418.354(15) because he was paid, this Court is not bound by the parties’ concessions regard *143 ing the law. See, e.g., Union Guardian Trust Co v Zack, 274 Mich 108, 113; 264 NW 309 (1936).[2] Accordingly, I believe that the majority errs by relying solely on the parties’ concessions without considering more closely whether those concessions comport with the applicable statutory provisions.
In order to determine whether Smitter was a volunteer firefighter for purposes of MCL 418.354(15), we must look more closely at the language of that subsection:
With respect to volunteer fire fighters, volunteer safety-patrol officers, volunteer civil defense workers, and volunteer ambulance drivers and attendants who are considered employees for purposes of [the WDCA] pursuant to section 161(l)(a),[3] the reduction of weekly benefits provided for disability insurance payments under subsection (l)(b) and (c) and subsection (11) may be waived by the employer. An employer that is not a self-insurer may make the waiver provided for under this subsection only at the time a worker’s compensation insurance policy is entered into or renewed.
Importantly, MCL 418.354(15) provides that it applies to “volunteer fire fighters . . . who are considered employees for purposes of [the WDCA] pursuant to section *144 161(1)(a) ...." (Emphasis added.) MCL 418.161(1)(a), in turn, defines “employee” as “[a] person in the service of the state, a county, city, township, village, or school district, under any appointment, or contract of hire, express or implied, oral or written.” (Emphasis added.) Thus, although MCL 418.354(15) refers to “volunteer fire fighters,” in my view, subsection (15) applies to volunteer firefighters who are “under any . . . contract of hire,” which may include paid firefighters.[4]
This Court addressed the “contract of hire” language in MCL 418.161(1) at length in Hoste v Shanty Creek Mgt, Inc, 459 Mich 561; 592 NW2d 360 (1999).[5] The Hoste majority first stated that the phrase “contract of hire” “connote[s] payment of some kind.” Id. at 574-575. The majority supported that conclusion by noting that the Legislature “designed worker’s compensation to be a safety net to provide ‘income maintenance for persons who have met misfortune or whose regular income source has been cut off.’ ” Id. at 575, quoting Franks v White Pine Copper Div, 422 Mich 636, 654; 375 NW2d 715 (1985). Hoste explained that the “of hire” portion of the phrase distinguishes between gratuity or accommodation and a payment. Specifically, the major *145 ity stated that gratuity does not satisfy the “of hire” requirement because “worker’s compensation provides benefits to those who have lost a source of income; it does not provide benefits to those who can no longer take advantage of a gratuity or privilege that serves merely as an accommodation.” Hoste, 459 Mich at 575. Finally, Hoste summarized by stating that in order to satisfy the “of hire” requirement in MCL 418.161(1), “compensation must be payment intended as wages,” which the majority defined as “real, palpable and substantial consideration as would be expected to induce a reasonable person to give up the valuable right of a possible claim against the employer in a tort action and as would be expected to be understood as such by the employer.” Id. at 576.[6]
Applying the statutory language as written, in my view, Smitter satisfied the “contract of hire” requirement under the definition of “employee” as interpreted by the Hoste majority. Both parties agree that Smitter received wages as compensation for the time he spent working as a firefighter. Thus, I think that Smitter was a “volunteer fire fighter[] . . . who [is] considered [an] employee[] . .. pursuant to section 161(1)(a) . . . .” MCL 418.354(15). Accordingly, I think that the next provision of MCL 418.354(15) applies: “the reduction of weekly benefits provided for disability insurance payments under [MCL 418.354(1)(b)] . . . may be waived by the employer.” Therefore, I think that Thornapple may *146 forgo the coordination provision in MCL 418.354(l)(b) in this case and instead provide Smitter with uncoordinated workers’ compensation and disability insurance benefits.
Accepting that MCL 418.354(15) applies in this case and allows Thornapple to provide Smitter with uncoordinated benefits, the next question is how that conclusion affects the Second Injury Fund’s (SIF) liability for workers’ compensation benefits. That question is answered by reviewing the apportionment statute, MCL 418.372. Specifically, at the time of Smitter’s injury, MCL 418.372(3) expressly stated that the allocation provisions in MCL 418.372 do “not apply to volunteer public employees entitled to benefits under section 161(l)(a).”[7] In my view, because Smitter was a “volunteer fire fighter” who was “considered [an] employeef] for purposes of [the WDCA] pursuant to section 161(1)(a)” under MCL 418.354(15), he was a “volunteer public employee[] entitled to benefits under section 161(1)(a)” for purposes of MCL 418.372(3). Thus, I think that MCL 418.372(3) applies and the apportionment provisions are inapplicable in this case. Indeed, the majority opinion acknowledges that this is the proper interpretation of the relevant statutory provisions. See ante at 139 n 42 (“[T]he very same employments permitted to waive the coordination of benefits under MCL 418.354(15) are specifically excluded from the apportionment of liability under the dual employment provisions pursuant to MCL 418.372(3).”).
Because MCL 418.372 does not apply, this case returns to a simple application of MCL 418.351(1), which provides that “the employer shall pay, or cause to be paid as provided in this section, to the injured employee, a weekly compensation of 80% of the employee’s after- *147 tax average weekly wage . In short, Thornapple is liable for all of Smitter’s workers’ compensation benefits, and the SIF has no liability.[8] Again, the majority agrees with this result. See ante at 139 n 42 (stating that when MCL 418.354(15) and MCL 418.372(3) apply, the SIF has “no reimbursement liability in a dual employment situation”). Thus, because the majority, in my view, erroneously relies exclusively on the parties’ concessions that Smitter was not a “volunteer fire fighter” for purposes of MCL 418.354(15) while otherwise agreeing that the employer of a “volunteer fire fighter” may elect to forgo coordination of benefits, I believe that the majority opinion reaches issues that need not be addressed in this case. Specifically, I do not think that it is necessary to decide whether benefits coordination is mandatory in employment circumstances not listed in MCL 418.354(15). Moreover, because Rahman, 245 Mich App 103, did not address an employment listed in MCL 418.354(15), I think that opinion is distinguishable and, thus, I believe the majority’s decision to overrule Rahman is dictum.
Finally, as mentioned previously in footnote 6 of this opinion, I recognize that the current version of MCL 418.161(1) differs from the version of MCL 418.161(1) in place at the time the plaintiff in Hoste was injured in 1990. Specifically, former MCL 418.161(1)(a), as amended by 1985 PA 103, explicitly addressed volunteer public employees, including “[m] embers of a volunteer fire department:”
As used in this act, “employee” means:
*148 (a) A person in the service of the state, a county, city, township, village, or school district, under any appointment, or contract of hire, express or implied, oral or written. A person employed by a contractor who has contracted with a county, city, township, village, school district, or the state, through its representatives, shall not be considered an employee of the state, county, city, township, village, or school district which made the contract, when the contractor is subject to this act.. .. Members of a volunteer fire department of a city, village, or township shall be considered to be employees of the city, village, or township, and entitled to all the benefits of this act when personally injured in the performance of duties as members of the volunteer fire department. [Emphasis added.]
The current version of MCL 418.161(1)(a) no longer includes a specific reference to “volunteer” public employees; rather, the statute’s discussion of those employments, including the reference to “[m] embers of a volunteer fire department,” was removed from MCL 418.161(1)(a). However, several new subdivisions were added to the statute that seem to address “volunteer” public employees including “[o]n-call members of a fire department:”
As used in this act, “employee” means:
(a) A person in the service of the state, a county, city, township, village, or school district, under any appointment, or contract of hire, express or implied, oral or written. A person employed by a contractor who has contracted with a county, city, township, village, school district, or the state, through its representatives, shall not be considered an employee of the state, county, city, township, village, or school district that made the contract, if the contractor is subject to [the WDCA].
(d) On-call members of a fire department of a county, city, village, or township shall be considered to be employees of *149 the county, city, village, or township, and entitled to all the benefits of this act if personally injured in the performance of duties as on-call members of the fire department whether the on-call member of the fire department is paid or unpaid....
(e) On-call members of a fire department or an on-call member of a volunteer underwater diving team that contracts with or receives reimbursement from 1 or more counties, cities, villages, or townships is entitled to all the benefits of this act if personally injured in the performance of their duties as on-call members of a fire department or as an on-call member of a volunteer underwater diving team whether the on-call member of the fire department or the on-call member of the volunteer underwater diving team is paid or unpaid. [MCL 418.161(1) (emphasis added).][9]
Thus, the reference in MCL 418.354(15) to “volunteer fire fighters . .. who are considered employees for purposes of [the WDCA] pursuant to section 161(1)(a),” might be a relic reference to the former version of MCL 418.161(1)(a) that the Legislature failed to revise when it altered the language in MCL 418.161.[10]
Possibly bolstering this conclusion is the fact that MCL 418.372(3) was recently amended by 2012 PA 83. Before the 2012 amendment, MCL 418.372(3) used language similar to MCL 418.354(15). Former MCL 418.372(3) stated, “This section does not apply to volunteer public employees entitled to benefits under section 161(1)(a).” (Emphasis added.) However, as amended by 2012 PA 83, MCL 418.372(3) refers to the new subdivisions of MCL 418.161(1) that expressly address the various employments of “volunteer” public *150 employees, including on-call members of a fire department. Specifically, MCL 418.372(3), as amended by 2012 PA 83, states, “This section does not apply to individuals entitled to benefits under section 161(1)(d), (e), (f), (g), (h), (i), (j), and (o).” (Emphasis added.) Thus, it appears that MCL 418.354(15) should be similarly revised to refer to “individuals entitled to benefits under MCL 418.161(l)(d), (e), (f), (g), (h), (i), (j), and (o)” rather than the current reference to “volunteer fire fighters . . . who are considered employees for purposes of this act pursuant to section 161(l)(a) . . . .”
Although evidence exists to support the conclusion that the reference in MCL 418.354(15) to MCL 418.161(1)(a) appears to be a legislative oversight in light of subsequent amendments to MCL 418.161(1), this Court must nevertheless attempt to apply the statutes as currently written. See Farrington v Total Petroleum, Inc, 442 Mich 201, 210; 501 NW2d 76 (1993) (“Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there.”). See, also, Flint & Fentonville Plank-Rd Co v Woodhull, 25 Mich 99, 108 (1872) (“It is not consistent with legislative independence and dignity, that the courts should assert a right to sit in judgment upon legislative action, or to attribute to the legislature erroneous or oppressive conduct in the exercise of any of its proper and legitimate functions.”).[11] Accordingly, while resorting to Hoste’s inter *151 pretation of “contract of hire” in order to determine how best to classify Smitter’s employment with Thor-napple for purposes of applying MCL 418.354(15) is the quintessential attempt to fit a square peg into a round hole, it is nevertheless my best effort at determining the most reasonable analysis of the current statutory language. And, because I believe that Hoste leads to the conclusion that Smitter was a “volunteer fire fighter” for purposes of MCL 418.354(15), I dissent from the majority’s contrary conclusion and from its decision to overrule Rahman, 245 Mich App 103.

 MCL 418.101 et seq.

 I recognize that the parties submitted this case under stipulated facts, including the fact that Smitter was a “paid part-time firefighter....” However, as my subsequent analysis explains, a paid employee may nevertheless be a “volunteer” as that word is used in MCL 418.354(15). Thus, my analysis engages in statutory interpretation to determine the meaning of “volunteer” as used in MCL 418.354(15). It is well established and universally accepted that statutory interpretation presents a question of law. See, e.g., Klooster v City of Charlevoix, 488 Mich 289, 295; 795 NW2d 578 (2011). Accordingly, contrary to the majority’s claim, this Court’s common refusal to be bound by parties’ concessions regarding the law clearly applies to this Court’s interpretation of the meaning of “volunteer” as used in MCL 418.354(15).

 MCL 418.161(1)(a).

 The idea that a “volunteer” firefighter may receive compensation is not a foreign concept in the realm of employment benefits. For example, the Employment Security Act, MCL 421.1 et seq., recognizes that “volunteer” firefighters may be paid and expressly excludes a “volunteer” fire fighter’s wages, up to a defined amount, from consideration in determining his or her unemployment benefit rate. MCL 421.27(c)(2) (“The weekly benefit rate shall not be reduced under this subdivision for remuneration received for on-call or training services as a volunteer firefighter, if the volunteer firefighter receives less than $10,000.00 in a calendar year for services as a volunteer firefighter.”) (emphasis added).

 I remain committed to the dissent in Hoste. See Hoste, 459 Mich at 579-586 (Marilyn Kelly, J., dissenting). However, because I conclude that the result in this case is the same under either the majority or dissenting opinions in Hoste, I will apply the majority opinion for purposes of this dissent.

 I recognize that the version of MCL 418.161(1) in place at the time Hoste was decided expressly included volunteer firefighters in the definition of “employee,” see Hoste, 459 Mich at 578, whereas the version of MCL 418.161(1) applicable in this case does not. However, because MCL 418.354(15) continues to refer to MCL 418.161(1)(a), I believe that Hoste’s analysis remains relevant. The change in statutory language and its impact on this case will he discussed in greater detail later in this dissent.

 MCL 418.372 was later amended by 2012 PA 83.

 Thornapple would be liable for Smitter’s “average weekly wage” based on his income from both jobs (General Motors and Thornapple). See MCL 418.371(2) (defining “average weekly wage” as “the weekly wage earned by the employee at the time of the employee’s injury in all employment. .. .”) (emphasis added).

 The switch from references to “Members of a volunteer fire department” to “[o]n-call members of a fire department” first occurred in 1994 PA 271.

 MCL 418.354(15) has not been amended since it was enacted by 1983 PA 159.

 I maintain the belief that, depending on the circumstances, it may be appropriate for this Court to conclude that a “clerical error in legislative drafting” occurred if a literal interpretation of the statute at issue would create an “absurd result.” See, e.g., Krajewski v Krajewski, 420 Mich 729, 739 n 6; 362 NW2d 230 (1984). (Cavanagh, J., dissenting). Applying the reference in MCL 418.354(15) to MCL 418.161(1)(a) does not, however, create an absurd result in this case.